Andrew G. SMITH and Judith B. Ware, Appellants,

v.

Kenneth MORTON et al., Respondents.

No. 65455.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 10, 1995.

Andrew G. Smith and Judith B. Ware, acting pro se.

Paula J. Lemerman, Clayton, for respondents.

WHITE, Judge.

This is an appeal from a judgment of the circuit court affirming a decision and order by the State Tax Commission of Missouri (Commission). We affirm.

Appellants (Property Owners) own a single family residence in St. Louis County. Kenneth D. Morton, St. Louis County Assessor (Assessor), notified Property Owners their property would be assessed for 1991 at $55,000, based on a market value of $292,000. Property Owners appealed to the St. Louis County Board of Equalization (Board) which reduced the assessment to $46,340, based on a market value of $243,000. Property Owners appealed to the Commission.

During the evidentiary hearing, Property Owners contended the value of the property was $180,000. An appraiser appearing for the Assessor testified the property's value was $270,000. A hearing officer issued findings of fact and conclusions of law and determined the true value in money of the subject property was $270,000. The hearing officer also noted the Assessor presented evidence of an appraisal report, appraiser's testimony, and other exhibits to rebut the Board's value and to establish a value higher than the Board's but lower than the original assessment. The Commission denied Property Owners' subsequent application for review.[1] The circuit court affirmed the Commission's decision. Property Owners raise seven points in their appeal to this court.

■ Although the appeal is from the circuit court's judgment, we review the Commission's findings and conclusions rather than the circuit court's judgment. *Morton v. Brenner*, 842 S.W.2d 538, 540 (Mo. banc 1992). Review of the Commission's decision is limited to determining whether it is sup-

ported by competent and substantial evidence upon the whole record, whether it is arbitrary, capricious, or unreasonable, or whether the Commission abused its discretion. *Hermel, Inc. v. State Tax Comm'n*, 564 S.W.2d 888, 894 (Mo. banc 1984). The evidence is considered in the light most favorable to the Commission, together with all reasonable inferences which support it. *Id.* If the evidence would support either of two opposed findings, the reviewing court is bound by the Commission's findings. *Id.*

■ Property Owners argue in their first point the case should be remanded because the Commission's decision was untimely. Property Owners rely on § 138.431.5 RSMo 1986 [2] which provides:

All decisions issued under this section or section 138.432 by the commission or any of its duly assigned hearing officers shall be issued no later than sixty days after the hearing on the matter to be decided is held or the date on which the last party involved in such matter files his brief, whichever event later occurs.

The last brief was filed on November 18, 1992 and the Commission issued its decision on March 12, 1993. Property Owners contend the failure to comply with § 138.431.5 renders the decision "illegal" and justifies remand of the case for a rehearing by the Commission. We disagree.

Section 138.430.1 provides, "any person aggrieved by the decision of the commission may seek review as provided in chapter 536, RSMo." Chapter 536 relates to administrative agency rules, procedures by and before agencies, and judicial review of administrative decisions. *Speer v. City of Joplin*, 839 S.W.2d 359, 360 (Mo.App.S.D.1992). Section 536.100 provides the circuit court with authority to compel action on the part of an agency or remove a case to the court for decision if there is "[u]nreasonable delay" by an agency deciding a contested case. Although a decision had not been rendered,

---

1. When the Commission denies an application for review, the hearing officer's decision and order is deemed the final decision of the Commission for purposes of judicial review. § 138.432 RSMo 1986.

2. All statutory references are to RSMo 1986 unless otherwise indicated.

Property Owners remedy, if any, was initially in the circuit court. *See Curry v. St. Louis County,* 773 S.W.2d 499, 502 (Mo.App.E.D. 1989). Property Owners failed to seek relief in the circuit court for nearly two months after sixty days passed from the filing of the last brief. Property Owners may not wait to raise this issue for the first time on appeal to this court and their first point is denied.

■ In their second point, Property Owners argue the Commission erred in giving a presumption of correctness to the assessment by the Assessor. Section 138.431.3 was amended in 1992 and now provides, in part, "There shall be no presumption that the assessor's valuation is correct." The amendment became effective on August 28, 1992, which was prior to the Commission's decision. In its conclusions of law, the Commission stated there is a presumption of correctness of assessments by the Assessor. The Commission also found Property Owners failed to rebut the presumption.

Assuming the Commission erred, Property Owners were not prejudiced. The relevant inquiry is the true value in money of the subject property. The Commission found even assuming Property Owners rebutted the presumption they failed to establish the true value in money of the subject property. In addition, the Commission found the subject property had a value of $270,000, which is different from both the Assessor's original valuation of $292,000, and the Board's, $243,000, determination of value.[3] Accordingly, Property Owners were not prejudiced and their second point is denied.

■ Property Owners argue in their third point the hearing officer erred in not admitting the testimony and report of their appraiser "merely because her testimony was only available by telephone." During the evidentiary hearing, Property Owners stated their appraiser was not present because it would be too costly but she was available "by phone." Property Owners also asserted they were not offering the appraiser's report as evidence of the value of the property.

■ Although technical rules of evidence are not controlling in administrative hearings, fundamental rules of evidence apply. *Missouri Church of Scientology v. State Tax Comm'n,* 560 S.W.2d 837, 839 (Mo. banc 1977). The hearing officer was not obligated to accept testimony by telephone. The hearing officer also did not have to admit the appraiser's report without a proper foundation. Property Owners' third point is denied.

■ In their fourth point, Property Owners argue the hearing officer erred in admitting the report and testimony of the appraiser who appeared for the Assessor. Property Owners contend the report and testimony were inadmissible hearsay.

Property Owners' sole objection during the appraiser's direct testimony was made to a question regarding the Board's reasons for its decision. The hearing officer sustained this objection. Property Owners failed to object to any other portion of the appraiser's direct testimony. Property Owners also failed to object prior to the admission of the appraiser's report. Section 536.070 provides, "Any evidence received without objection which has probative value shall be considered by the agency along with other evidence in the case." Property Owners' objections made after appraiser's direct testimony and the report was received were not timely. The appraiser in her report and testimony discussed the value of the subject property and this evidence was, therefore, probative. The hearing officer did not err in considering this evidence. Point denied.

■ Property Owners argue in their fifth point the Commission erred in "giving no weight" to the testimony of one of the Property Owners, Andrew G. Smith. Property Owners contend the Commission misinterpreted this court's decision in *State ex rel. Missouri Highway and Transportation Comm'n v. Pracht,* 801 S.W.2d 90 (Mo.App. E.D.1990). Property Owners contend further this misinterpretation was the "foundation" for the Commission's finding Smith's

---

3. The Commission did not find the opinion given during the hearing by the Assessor's appraiser presumptively correct. The Commission found

this appraiser's conclusion of value persuasive and based upon extensive research using both the cost and sales comparison approaches.

testimony failed to establish the true value of the subject property.

The litigation in *Pracht* involved condemnation of appellants' property. On appeal, appellants argued the trial court erred by ruling the property owner was not competent to testify regarding comparable sales. *Id.* at 93. This court held, although not an expert, a property owner is competent to testify regarding the reasonable market value of the land. *Id.* (citing *Wood River Pipeline Co. v. Sommer,* 757 S.W.2d 265, 267 (Mo.App.E.D. 1988)). We distinguished, however, a property owner's testimony regarding the value of the owned property and testimony regarding comparable sales, which would have required the property owner to testify as to the value of comparable properties. *Id.* at 94. In denying appellants' argument, this court held *Wood River Pipeline Co.* did not stand for the proposition a property owner "can testify to the value of comparable sales" without being qualified as an expert. *Id.*

The Commission asserted Smith gave brief testimony regarding two properties which he felt were comparable to the subject property. The Commission stated a property owner is generally competent to testify regarding the property's reasonable market value but "is not qualified to give an opinion as to comparable properties without being qualified as an expert." Citing *Wood River Pipeline Co.,* the Commission also stated a property owner's lack of professional experience goes to the weight and not the competency of the testimony. The Commission did not err in its conclusions of law.

The crux of Property Owners' complaint is the Commission's finding Smith's testimony failed to establish the true value in money of the subject property. The Commission found Smith made no attempt to offer any adjustments to the two alleged comparable properties to bring them in line with the subject property. The Commission asserted Smith's only testimony regarding one of the comparable properties was its sale for $215,-000 and no further evidence was given. The only evidence presented by Property Owners regarding the other comparable property was a photograph of the house and Smith's testimony regarding the house's condition and it had been torn down sometime after the photograph was taken. The Commission found this testimony and evidence failed to meet "even a basic standard for comparability to the subject property." The Commission's decision was not arbitrary, capricious, unreasonable or an abuse of discretion. Property Owners' fifth point is denied.

In their sixth point, Property Owners argue the Commission erred in failing to grant their post-hearing motions. After the hearing, Property Owners filed several motions. In the argument portion of their brief, Property Owners challenge the Commission's denial of their motions to: (1) rehear the case for failure to admit the testimony of their appraiser; (2) strike the testimony and report of the Assessor's appraiser; (3) direct a verdict; and (4) amend the record for their appraiser's report and information regarding two other properties. The issues relating to the first three challenged motions were discussed in points three, four, and five, respectively. Regarding the fourth challenged motion, the report of Property Owners' appraiser report was discussed in point four. In addition, although Property Owners presented testimony about the two properties at issue in their motion to amend, they failed to introduce the additional information at the hearing.

In their discussion on this point, which consists of approximately one page, Property Owners present no argument or cite no relevant authority to demonstrate the motions should have been granted. The Commission gave detailed reasons for denying the motions and the denials were not arbitrary, capricious, unreasonable, or an abuse of discretion. Property Owners' sixth point is denied.

■■■ Property Owners argue in their final point the Commission erred in permitting one hearing officer to conduct the hearing and a different hearing officer to write the decision. Property Owners contend this violates § 138.431.1 which provides, "To hear and decide appeals pursuant to section 138.430, the commission shall appoint one or more hearing officers." Property Owners emphasize the fact the statute does not state hear or decide appeals.

Section 138.431.4, however, provides, "The commission may, prior to the decision being rendered, transfer to another hearing officer the proceedings on an appeal determination before a hearing officer." The Commission was, therefore, authorized by statute to appoint a different hearing officer to write the decision. It is not necessary for a member of an agency who participates in the decision to have participated in the hearing, but rather the member may officially act solely on the basis of the written record. *Medley v. Missouri State Highway Patrol*, 776 S.W.2d 405, 408 (Mo.App.E.D.1989) (citing *Shrewe v. Sanders*, 498 S.W.2d 775, 778 (Mo.1973)). Review of the forty page decision reflects the second hearing officer carefully considered the written record. We also note in denying Property Owners' application for review, the Commission stated the hearing officer who conducted the evidentiary hearing reviewed the decision written by the second hearing officer. Property Owners' final point is denied.

The trial court's judgment is affirmed.

SMITH, P.J., and PUDLOWSKI, J., concur.