**STATE ex rel. DRURY DISPLAYS, INC., Respondent,**

v.

**CITY OF OLIVETTE, et al., Appellants.**

No. 73582.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 22, 1998.

Kathryn M. Koch, St. Louis, for appellant.

David E. Wilson, St. Louis, for respondent.

RHODES RUSSELL, Judge.

City of Olivette ("City") appeals the judgment of the trial court reversing the Board of Building Appeals' ("Board") decision upholding the denial of a sign permit application submitted by Drury Displays, Inc. ("Drury Displays"). We find that the Board's decision was supported by substantial evidence on the whole record. The judgment of the trial court is reversed and the case is remanded with an order to reinstate the Board's decision.

On May 13, 1996, Drury Displays submitted to the City's building commissioner an application for a sign permit. The commissioner denied Drury Displays' application, citing four reasons: (1) plan and design calculations provided by Drury Displays were not derived in accordance with the Building Officials & Code Administrators ("BOCA") National Building Code, as required by the Olivette Municipal Code; (2) Drury Displays failed to provide a statement of special inspections; (3) Drury Displays failed to address electrical installation for the proposed sign; and (4) plans and calculations were not properly signed and sealed by a professional engineer or architect.

Drury Displays appealed the commissioner's denial of the sign permit application to the Board, who held a hearing on the record. The Board issued its decision denying Drury

Displays' appeal. Thereafter, Drury Displays filed an appeal of the Board's decision to the Circuit Court of St. Louis County. The trial court entered its judgment and order reversing the Board's decision and directing City to issue the sign permit to Drury Displays. City filed its notice of appeal with this court.

■ Although this case is an appeal from the circuit court's judgment, we review the agency's findings and conclusions rather than the circuit court's judgment. *Smith v. Morton*, 890 S.W.2d 403, 405 (Mo.App.1995). The reviewing court's task is to determine only whether the administrative decision is supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious or unreasonable; or whether the administrative action constituted an abuse of discretion. *Bean v. Missouri Com'n on Human Rights*, 913 S.W.2d 419, 423 (Mo.App.1996). Substantial evidence is evidence which, if true, has probative force upon the issues, *i.e.*, evidence favoring facts which are such that reasonable people may differ as to whether it establishes them. *Morton v. Missouri Air Conservation Com'n*, 944 S.W.2d 231, 236 (Mo.App.1997).

■ A reviewing court may not substitute its judgment for that of the agency, and it must defer to the agency's findings of fact. *Perry v. St. Louis Civil Service Com'n*, 924 S.W.2d 861, 864 (Mo.App.1996). The evidence is considered in a light most favorable to the agency, together with all reasonable inferences which support it. *Smith*, 890 S.W.2d at 405. If the evidence would support either of two opposed findings, the reviewing court is bound by the agency's findings. *Id.*

■ Drury Displays contends the Board's decision is not supported by substantial evidence upon the whole record in that the provided reasons for the denial of the permit were contrived and not supported by City's ordinances. Specifically, Drury Displays points to the Board's finding that it failed to utilize the proper formulas in its calculations.

Applications for sign permits in the City must conform, at a minimum, to the requirements listed in Chapter 225 of the Olivette

Municipal Code. Section 225.120(a) expressly incorporates Sections 1112.3.1, 1113.0 and 1114.0 of the City's Building Code. These sections prescribe specific formulas, in accordance with BOCA guidelines, which are to be used by sign permit applicants in calculating wind loads, earthquake-resistance and combination loads.

In its findings of fact, the Board specifically found that Drury Displays failed to utilize the prescribed formulas. As a general rule, courts defer to findings on technical matters within the expertise of administrative agencies. *Wright v. Sports Associated, Inc.,* 887 S.W.2d 596, 600 (Mo. banc 1994). The Board members, some of whom are architects, engineers, and building contractors, are experienced in reviewing permit applications and have achieved some expertise concerning building code formulas. Further, there is an explicit reference in Drury Displays' application stating that a particular calculation was made using the Uniform Building Code method, which is not in accordance with the prescribed BOCA method. Finally, there is evidence in the record that BOCA informed the deputy building commissioner that the formulas used by Drury Displays were not in accordance with BOCA standards. Therefore, the decision was supported by substantial evidence, and it was not arbitrary or capricious nor an abuse of discretion for the Board to find that Drury Displays had failed to use the proper building code formulas in its calculations.

We do not need to consider other rationales cited by the Board as the correct finding of any one reason to deny the permit is sufficient.

The judgment of the trial court is reversed, and the case is remanded with an order to the trial court to reinstate the decision of the Board.

HOFF, P.J., and GARY M. GAERTNER, J., concur.