**HOLIGAN HOMES MISSOURI, LTD., Plaintiff–Appellant,**

v.

**CITY OF JACKSON, Missouri, et al., Defendants–Respondents.**

No. 74741.

Missouri Court of Appeals, Eastern District, Southern Division.

July 27, 1999.

---

Albert C. Lowes, Cape Girardeau, for appellant.

David G. Beeson, Jackson, for respondent.

Before RHODES RUSSELL, P.J., LAWRENCE G. CRAHAN and LAWRENCE E. MOONEY, JJ.

PER CURIAM.

Holigan Homes Missouri, Ltd. ("Holigan") appeals the circuit court's judgment affirming the denial by the Board of Alderman ("Board") of the City of Jackson of a special use permit. Holigan had sought the special use permit to build a model demonstration home that would serve as a temporary sales office. The circuit court's judgment also remanded the case to the Board so they could enter new findings of fact. Holigan claims as error: (1) that the judgment was not a final reviewable judgment, (2) that the earlier findings of fact entered by the Board were insufficient under Section 536.090 RSMo (1994) because the findings were conclusory and tardily

filed, and (3) that the findings of the Board were not supported by substantial evidence. We modify the judgment of the circuit court by eliminating the remand to the Board and, as modified we affirm.

Holigan sought a special use permit to build a model demonstration home that would serve as a temporary sales office in Jackson. The Board held a hearing regarding the special use permit on October 20, 1997 at which testimony was taken. At the hearing people who lived near the proposed site of the model demonstration home testified that they were concerned about increased traffic, and the change in the residential nature of the neighborhood. On November 30, the Board voted to deny the special use permit. On December 1, 1997, the Board entered findings of fact to support its denial of the special use permit. Holigan appealed this denial to the circuit court, which upheld the denial but remanded to the Board for new findings of fact.

 A final reviewable decision is found when the agency arrives at a terminal, complete resolution of the case before it. *Dore & Assoc. Contr. v. Dept. of Labor*, 810 S.W.2d 72 (Mo.App. W.D.1990). An order lacks finality in this sense while it remains tentative, provisional or contingent, subject to recall, revision or reconsideration by the issuing agency. *Id.* The judgment of the circuit court properly reviewed the findings of fact entered December 1, 1997, and completely resolved the controversy by upholding the denial of the special use permit. The circuit court's remand was unnecessary.

 Missouri Courts have generally required that, under Section 536.090, the findings of fact in an administrative proceeding reveal the basis of the decision of the administrative agency. *Greater Garden Ave. Ass'n v. City of Webster Groves*, 655 S.W.2d 760, 767 (Mo.App. E.D.1983). The findings of fact entered by the Board on December 1, 1997 reveal that the permit was not issued because the operation of commercial activity in a residential area would increase traffic congestion, would adversely affect the general character of the neighborhood, and would conflict with the city's comprehensive plan. Also, denying a special use permit by oral vote and then issuing findings of fact within thirty days does not violate the spirit of the statute. *Willey v. Cass County*, 689 S.W.2d 654, 657 (Mo.App. W.D.1985). Because the findings of fact entered on December 1, 1997 were sufficient, no remand was necessary.

 Although this case is an appeal from the circuit court's judgment, we review the agency's findings and conclusions rather than the circuit court's judgment. *Smith v. Morton*, 890 S.W.2d 403, 405 (Mo.App. E.D.1995). When reviewing an agency's findings of fact, our task is to determine whether the administrative decision is supported by competent and substantial evidence on the whole record. *State ex. rel. Drury Displays, Inc. v. City of Olivette*, 976 S.W.2d 634, 635 (Mo.App. E.D.1998). The Board's findings and decision will be reversed only if there is no substantial evidence to support it. *Weber v. Firemen's Retirement System*, 899 S.W.2d 948, 950 (Mo.App. E.D.1995). The testimony adduced at the hearing shows there was substantial evidence that issuing the special use permit would increase traffic congestion and would adversely affect the general character of the neighborhood.

We modify the judgment of the circuit court by eliminating the remand to the Board and, and as modified, we affirm.