FIRETEK, INC., Respondent,

v.

ST. LOUIS COUNTY, Missouri, et al., Appellants.

No. ED 78253.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 2001.

Patricia Redington, County Counselor, Cynthia L. Hoemann, Associate County Counselor, Clayton, MO, for appellant.

Gallop, Johnson & Neuman, L.C., Mark W. Weisman, Jon A. Bierman, St. Louis, MO, for respondent.

GARY M. GAERTNER, Sr., Presiding Judge.

Appellants, St. Louis County, Missouri and Garry Earls, Director of St. Louis County Department of Public Works ("County"), appeal the judgment of the Circuit Court of St. Louis County reversing an administrative decision of the St. Louis County Board of Appeals ("Board"). The Board decided that the Plumbing Code of St. Louis County prohibits any one other than licensed plumbers from performing caulking and sealing work around plumbing system pipes in fire rated assemblies. We affirm the judgment of the trial court.

Respondent, Firetek, Inc. ("Firetek"), is a company that specializes in the design and installation of firestopping systems. Firestopping is a relatively new process that has come into common use in the last few years. Firestopping is a method of installing tested and approved systems into openings or penetrations in a building's interior wall or floor's integrity and protects against the passage of smoke and flames.

In August 1999, Firetek began installation of firestopping materials on a hotel project in Chesterfield, St. Louis County. On August 18, 1999, a County plumbing inspector informed Firetek that firestopping must only be performed by licensed plumbers. In order to avoid issuance of a stop work order threatened by the plumbing office, Firetek employed licensed plumbers to install firestopping material around plumbing system pipes at the hotel construction project.

Soon afterwards, Firetek requested the Department of Public Works ("Department"), to promulgate an interpretation of the Code's requirement regarding installation of firestopping materials. On August 25, 1999, the Department issued Plumbing Code Interpretation No. 1–99 ("Interpretation"). It provided that caulking or sealing work around plumbing system pipes in or penetrating fire rated assemblies is work having to do with installation of plumbing and therefore must be performed by persons who are properly licensed under the plumbing code. Firetek appealed to the Board of Appeals. On October 12, 1999, the Board decided that the Interpretation is a correct interpretation of the true intent of the plumbing code, which is to ensure public health,

safety and welfare. The Board decided that caulking or sealing work around plumbing system pipes in or penetrating fire rated assemblies is "work having to do with the installation, removal, alteration, or repair of plumbing."

Firetek filed a petition for review of the Board's decision. On June 26, 2000, the trial court entered its judgment reversing the Board's decision. The trial court remanded the case to the Board to enter an order that the plumbing code and building code of St. Louis County do not compel that firestopping be performed by a licensed plumber. County appeals.

■ Although this case is an appeal from the trial court's judgment, we review the Board's findings and conclusions rather than the judgment of the trial court. *Drury Displays, Inc. v. City of Olivette,* 976 S.W.2d 634, 635 (Mo.App. E.D.1998). When reviewing an agency's decision, the court's task is to determine only whether the administrative decision is supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious or unreasonable; or whether the administrative action constituted an abuse of discretion. *Id.*

County argues the Board correctly decided caulking and sealing work around plumbing system pipes must be performed by licensed plumbers. County argues the Board's decision is reasonable, supported by competent and substantial evidence on the whole record, and does not create internal inconsistency in the plumbing code.

Section 1103.120(1) of County's plumbing code prohibits persons who are not licensed plumbers from performing the work of installing, altering or repairing plumbing. Chapter 2 defines plumbing as "[t]he business, trade or work having to do with the installation, removal, alteration, or repair of plumbing and drainage systems or parts thereof." It further defines a plumbing system as including:

all potable water building supply and distribution pipes, all plumbing fixtures and traps, all drainage and vent pipe(s), and all building drains and building sewers, including their respective joints and connection, devices, receptors, and appurtenances within the property lines of the premises and shall include potable water piping, potable water treating or using equipment, water heaters and vents for same.

■ A review of the relevant provisions of the plumbing code fails to reveal any treatment of firestopping by the code. The plumbing code deals with installation, removal, alteration and repair of plumbing. Firestopping is a method of installing tested and approved systems into openings or penetrations in a building's interior wall or floor's integrity to protect against the passage of smoke and flames. Firestopping is not work having to do with installation, removal, alteration or repair of plumbing. The Board's decision that firestopping around plumbing system pipes in or penetrating fire rated assemblies is work having to do with installation of plumbing is not supported by the plumbing code. The plumbing code does not compel the interpretation given by the Board. Although we recognize the need to regulate firestopping for the health, safety and welfare of County's residents, we do not read the current plumbing code as requiring only licensed plumbers to perform firestopping around plumbing system pipes.

Based on the foregoing, we reverse the decision of the Board and order the Board to enter an order consistent with this opinion.

CRAHAN, J., and DRAPER, J., concur.