Alok Ahuja, Judge
Callaway Farrowing, LLC appeals from a judgment entered by the Circuit Court of Cole County, which issued a peremptory writ in mandamus on the relation of Respondent Friends of Responsible Agriculture. The circuit court's judgment ordered the Clean Water Commission to withdraw its decision granting Callaway Farrowing an operating permit for a concentrated animal feeding operation.
We conclude that the circuit court erred in issuing a writ of mandamus, because the Friends organization had an available statutory remedy by petitioning for judicial review of the Commission's permit decision. We accordingly reverse the circuit court's decision, and remand the case to the circuit court with instructions that it deny the Friends' mandamus petition.
Factual Background
On November 21, 2014, the Department of Natural Resources issued General State Operating Permit MO-GS10485 to Callaway Farrowing. The Permit was for the operation of a class IB concentrated animal feeding operation (or "CAFO") to be located in Callaway County.
On December 19, 2014, the Friends of Responsible Agriculture filed an appeal of the Permit with the Administrative Hearing Commission ("AHC"). On April 17, 2015, the AHC issued a decision in the Friends' appeal, recommending that the Clean Water Commission approve the Permit.
On June 3, 2015, the Friends filed a petition for writ of prohibition against the Department, the Commission, and Callaway Farrowing in the Circuit Court of Cole County (Case No. 15-AC-CC00259). The petition sought to disqualify five of the seven members of the Clean Water Commission from participating in the permit appeal. The petition alleged that the five challenged Commissioners had driven by and observed the site of the proposed CAFO, and thus possessed extra-record information relevant to the disposition of Callaway Farrowing's permit application. On July 26, 2015, the circuit court issued its judgment prohibiting two Commissioners (Todd Parnell and Ashley McCarty) from participating in proceedings concerning Callaway Farrowing's permit application, based on the court's finding that they had in fact viewed the location of Callaway Farrowing's proposed CAFO. Neither the *348 Commission nor Callaway Farrowing appealed this judgment.
The remaining five members of the Commission participated in a hearing on Callaway Farrowing's permit application on October 5, 2016. A vote was taken. Three of the five participating Commissioners voted in favor of granting Callaway Farrowing's permit application, and two Commissioners voted against.
The Commission took the position that the motion to approve Callaway Farrowing's Permit had been passed by a majority of the voting Commissioners, and that the Permit was therefore approved. The Commission accordingly issued a "Final Decision on Appeal," which adopted the AHC's recommended decision with a single modification. The decision was signed by the three Commissioners who had voted in favor of approving Callaway Farrowing's permit application.
On October 6, 2016, the Friends filed a petition in mandamus and for a temporary restraining order in the Circuit Court of Cole County against the Commission, the Department, and Callaway Farrowing, arguing that the Permit had been approved without the four votes required by § 644.066.3(3).[1] Section 644.066.3(3) provides that "[a]ll final orders or determinations or other final actions by the commission shall be approved in writing by at least four members of the commission."
The circuit court issued a preliminary order in mandamus to all Respondents, and the Respondents filed responses to the Friends' petition. In their responses, the Respondents argued, among other things, that under § 1.050, the affirmative votes of a majority of the Commission's five participating members was sufficient to approve Callaway Farrowing's permit application. The Respondents argued in the alternative that the "rule of necessity" should be invoked to permit the disqualified Commissioners to participate in deciding whether to grant Callaway Farrowing a permit.
On December 21, 2016, the circuit court entered its judgment issuing a peremptory writ in mandamus. Although the court recognized that the five participating members of the Commission constituted a quorum under § 644.021.3, it concluded that by virtue of § 644.066.3(3), four affirmative votes were required to take final action approving Callaway Farrowing's permit application. Because the motion to approve Callaway Farrowing's permit application failed to garner four affirmative votes, the circuit court concluded that the motion had failed. The circuit court held that it was inappropriate to invoke the "rule of necessity," because with five participating Commissioners "it was fundamentally possible for the Commissioners to vote to approve the motion." The court's judgment also held that, because the motion to approve Callaway Farrowing's Permit did not win four affirmative votes, "there is no 'final decision' of the Clean Water Commission in effect regarding the Permit issued to Callaway Farrowing, LLC," and as a result, "Relator has no adequate remedy at law under §§ 621.250 or 644.051, RSMo." The court ordered the Commission to withdraw its Final Decision on Appeal, and announce at its next meeting that the motion to approve Callaway Farrowing's permit application "failed because the motion did not receive four 'Yes' votes."
Callaway Farrowing appeals.
Standard of Review
"The purpose of the extraordinary writ of mandamus is to compel the *349 performance of a ministerial duty that one charged with the duty has refused to perform." Furlong Cos. v. City of Kansas City, 189 S.W.3d 157, 165 (Mo. banc 2006) (citation omitted). "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed. He must show himself possessed of a clear and legal right to the remedy." Id. at 166 (citation omitted). "Whether a petitioner's right to mandamus is clearly established and presently existing is determined by examining the statute or ordinance under which petitioner claims the right." State ex rel. Scherschel v. City of Kansas City , 470 S.W.3d 391, 397 (Mo. App. W.D. 2015) (citation omitted).
This court reviews the grant of a writ of mandamus under an abuse of discretion standard. Under [that] standard, we will reverse the trial court's ruling only if it is so arbitrary and unreasonable as to shock the sense of justice and indicates a lack of careful consideration. We will not find an abuse of discretion if reasonable people might differ about the propriety of the trial court's decision.
Id. (citations and internal quotations omitted). Matters of statutory interpretation are reviewed de novo. State ex rel. Wolfrum v. Wiesman , 225 S.W.3d 409, 411 (Mo. banc 2007).
Discussion
In this case, the Friends organization chose to file a petition for writ of mandamus in the Circuit Court of Cole County to challenge the Commission's issuance of Callaway Farrowing's Permit, rather than seeking judicial review of the Commission's decision under the applicable statutes. Because of the availability of statutory judicial review procedures, we conclude that the Friends had no right to mandamus relief, and that the circuit court should have denied their petition.
" 'Writs are extraordinary remedies, and their procedures differ from normal civil actions.' " State ex rel. Tivol Plaza, Inc. v. Mo. Comm'n on Human Rights , 527 S.W.3d 837, 842 (Mo. banc 2017) (quoting United States Dep't of Veterans Affs. v. Boresi , 396 S.W.3d 356, 359 n.1 (Mo. banc 2013) ).
In particular, "[i]t is a long-established principle of law that mandamus does not issue where there is another adequate remedy available to relator." State ex rel. Kelley v. Mitchell , 595 S.W.2d 261, 265 (Mo. banc 1980) (citations omitted).
There is no remedy that a court can provide that is more drastic, no exercise of raw judicial power that is more awesome, than that available through the extraordinary writ of mandamus. Recognizing the extreme nature of the order to act in accordance with a peremptory writ of mandamus, we believe that the remedial writ ought to be reserved for those cases in which no alternative measure will be effective. "Its object is not to supersede but to supply the want of a legal remedy."
Id. at 266-67 (quoting State ex rel. Brunjes v. Linville , 8 S.W.2d 623, 623 (Mo. 1928) ).[2] Because mandamus relief is unavailable if another adequate remedy exists, a petitioner cannot employ a petition for writ of *350 mandamus to "attempt[ ] to bypass ... the procedures mandated by the General Assembly for judicial review" of administrative decisions. Shelton v. Farr , 996 S.W.2d 541, 543 (Mo. App. W.D. 1999).
The Commission's Final Decision on Appeal was subject to a statutory judicial review procedure. The process for issuing CAFO permits is governed by chapter 644 of the Revised Statutes, the Missouri Clean Water Law. "The Missouri Clean Water Law was enacted, in part, ... to provide the authority required of the State under the [federal Clean Water Act ("CWA") ] and to bring the State's water pollution regulatory programs into compliance with the [CWA]." Mo. Soybean Ass'n v. Mo. Clean Water Comm'n , 102 S.W.3d 10, 19 (Mo. banc 2003). "In Missouri, the State's responsibilities under the CWA are carried out by two administrative agencies: [the Department of Natural Resources] and the [Clean Water Commission]." Id.
The Department "reviews all applications for CAFOs and determines eligibility for permits. 10 CSR 20-6.010(2). Such decisions, however, are reviewed by the [Commission] and the [Commission] acts as the final deciding agency regarding whether an applicant will or will not receive a permit. Section 644.026.1." Matter of Trenton Farms Re, LLC v. Mo. Dep't of Nat. Res. , 504 S.W.3d 157, 159 (Mo. App. W.D. 2016) ; see also §§ 644.051.4 to .5 (describing procedures and standards for consideration of permit applications by Department of Natural Resources).
Section 644.051.6 specifies the procedure for administrative review of the Department's initial decision, and for subsequent judicial review. It provides in relevant part:
The director [of the Department of Natural Resources] shall promptly notify the applicant in writing of his or her action and if the permit is denied state the reasons for such denial. As provided by sections 621.250 and 640.013, the applicant[3 ] may appeal to the administrative hearing commission from the denial of a permit or from any condition in any permit by filing a petition with the administrative hearing commission within thirty days of the notice of denial or issuance of the permit. ... Once the administrative hearing commission has reviewed the appeal, the administrative hearing commission shall issue a recommended decision to the commission on permit issuance, denial, or any condition of the permit. The commission shall issue its own decision, based on the appeal, for permit issuance, denial, or any condition of the permit. If the commission changes a finding of fact or conclusion of law made by the administrative hearing commission, or modifies or vacates the decision recommended by the administrative hearing commission, it shall issue its own decision, which shall include findings of fact and conclusions of law. The commission shall mail copies of its final decision to the parties to the appeal or their counsel of record. The commission's decision shall be subject to judicial review pursuant to chapter 536, except that the court of appeals district with territorial jurisdiction coextensive with the county where the point source[4 ] is to be located shall have original jurisdiction. No judicial review shall be available *351 until and unless all administrative remedies are exhausted.[5 ]
"The final decision of the commission shall be issued within one hundred eighty days of the date the notice of [administrative] appeal ... is filed...." § 621.250.3.
Thus, under § 644.051, the Department of Natural Resources makes the initial decision on a permit application. The Department's initial decision is subject to administrative appeal to the Administrative Hearing Commission. The AHC issues a recommended decision in the administrative appeal. The Commission reviews the AHC's recommended decision, and issues its own permitting decision. The Commission's "final decision" is then subject to judicial review. See also § 621.250.7 (specifying that "[n]o cause of action or appeal arising out of any finding, order, [or] decision" of the Commission "shall accrue in any court unless the party seeking to file such cause of action or appeal shall have ... received a final decision" from the Commission).
The Friends organization argues that the Commission's Final Decision on Appeal was not a "final decision" subject to judicial review under §§ 621.250.7 and 644.051.6, because the Final Decision on Appeal was not signed by four Commissioners. The Friends point out that § 644.066.3(3) provides that "[a]ll final orders or determinations or other final actions by the commission shall be approved in writing by at least four members of the commission." According to the Friends, under § 644.066.3(3), the Commission lacked the authority to issue a final decision on Callaway Farrowing's permit application with the concurrence of only three of its members.
The Friends organization confuses the finality of the Commission's decision for purposes of judicial review, with the legal correctness of the decision. The Friends may raise serious claims that the Commission's Final Decision on Appeal was erroneous; but their arguments do not affect the finality of the decision for purposes of obtaining judicial review. Generally,
"[f]inality" is found when "the agency arrives at a terminal, complete resolution of the case before it. An order lacks finality in this sense while it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency."
Dore & Assocs. Contracting, Inc. v. Mo. Dep't of Labor & Indus. Relations , 810 S.W.2d 72, 75-76 (Mo. App. W.D. 1990) (quoting Nat'l Treasury Emp. Union v. Fed. Labor Relations Auth. , 712 F.2d 669, 671 (D.C. Cir. 1983) ); accord , Holigan Homes Mo., Ltd. v. City of Jackson , 997 S.W.2d 109, 111 (Mo. App. E.D. 1999) ; Hayward v. City of Indep. , 967 S.W.2d 650, 652 (Mo. App. W.D. 1998).
The Commission's decision was "final" in the relevant sense. The Commission plainly intended its Final Decision on Appeal to constitute the "terminal, complete resolution" of the proceeding involving Callaway Farrowing's permit application. The name of the Commission's decision document announces its finality. The Final Decision on Appeal adopts the AHC's recommended decision with a single modification; the AHC's recommended decision, in turn, recommended *352 that the Commission sustain the Department of Natural Resources' decision granting Callaway Farrowing an operating permit. The Commission's Final Decision on Appeal cites to § 621.250.3, which specifies the procedural requirements for a "final decision" by the Commission. The Commission's Final Decision on Appeal was not "tentative, provisional, or contingent"; to the contrary, it specified that it would become effective on the date on which it was mailed to the parties.
In these circumstances, the Commission's Final Decision on Appeal constituted a "final decision" subject to judicial review under §§ 621.250.7 and 644.051.6. During a statutory judicial review proceeding, the Friends would have been entitled to argue, among other things, that the Commission's decision was "in excess of the statutory authority or jurisdiction of the agency," or was "unauthorized by law," because only three Commissioners' indicated their approval in writing. § 536.140.2(2), (4); see also Mo. Const. Art. V, § 18. Because the Friends organization had an available statutory remedy to obtain judicial review of the Commission's decision, it was not entitled to seek judicial review by filing a petition for writ of mandamus.[6]
Even if we had the authority to do so, we would not treat the Friends' petition for writ of mandamus as the functional equivalent of a petition for judicial review. Section 644.051.6 provides that "the court of appeals district with territorial jurisdiction coextensive with the county where the point source is to be located shall have original jurisdiction" over any petition for judicial review of a Commission permit decision. The Friends did not file their petition for judicial review in this Court, however, but instead in the Circuit Court of Cole County.
In addition, by filing an original petition for writ of mandamus in the circuit court, the Friends essentially treated the administrative proceeding as a "non-contested case," in which the record necessary for review of the agency decision would be developed in the circuit court. Furlong Cos. v. City of Kansas City , 189 S.W.3d 157, 165 (Mo. banc 2006). But the proceedings on Callaway Farrowing's permit application constituted a "contested case," namely, "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4).[7] Thus, the case was subject to judicial review solely on the record created during the administrative proceedings. Furlong Cos. , 189 S.W.3d at 165. Given the manner *353 in which the Friends organization chose to proceed, however, we have not been provided with a complete record of the administrative proceedings.[8]
Because they filed their petition in the wrong court, and failed to seek review based on the existing administrative record, we cannot overlook the procedural defects in the Friends' mandamus action.
Conclusion
Friends of Responsible Agriculture had an available statutory mechanism to seek judicial review of the Clean Water Commission's decision granting Callaway Farrowing an operating permit. Rather than invoking the statutory review procedure, however, the Friends organization filed a non-statutory mandamus proceeding in the circuit court. The Friends were not entitled to seek mandamus relief where they had an available statutory remedy. We accordingly reverse the circuit court's grant of a peremptory writ of mandamus, and remand the case to the circuit court with instructions to deny the Friends' petition.
All concur.

Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri.

Accord , St. Louis Cnty. Bd. of Election Comm'rs v. McShane , 492 S.W.3d 177, 180 (Mo. App. E.D. 2016) ; State ex rel. Sasnett v. Moorhouse , 267 S.W.3d 717, 724 (Mo. App. W.D. 2008) (" '[m]andamus is an extraordinary remedy normally unavailable if there is another plain, speedy and adequate remedy at law' "; citation omitted); State ex rel. KelCor, Inc. v. Nooney Realty Trust, Inc. , 966 S.W.2d 399, 402 (Mo. App. E.D. 1998) ("A required element of proving a right to mandamus is that there is no alternative, adequate remedy other than issuance of the writ.").

Although § 644.051.6 creates a right of appeal only for disappointed applicants , "any person with an interest that is or may be adversely affected by a permit decision is permitted to appeal to the commission by 10 CSR 20-6.020(5)(C)." Mo. Coal. for the Env't v. Herrmann , 142 S.W.3d 700, 702 (Mo. banc 2004).

"CAFOs are point sources...." 10 CSR § 20-6.300(2)(A).

Section 644.051.6 was amended effective August 28, 2015, while Callaway Farrowing's permit application was pending before the Commission. Amendments to procedural statutes like § 644.051.6 are generally presumed to apply to pending cases, unless the legislature specifies otherwise. See , e.g. , Callahan v. Cardinal Glennon Hosp. , 863 S.W.2d 852, 872 (Mo. banc 1993) ; Nance v. Maxon Elec., Inc. , 395 S.W.3d 527, 537-38 (Mo. App. W.D. 2012) ; Eason v. Treasurer of State , 371 S.W.3d 886, 888 (Mo. App. W.D. 2012).

In its briefing, the Friends suggest that the Commission's decision was "void," and that §§ 536.100 and .150 therefore preserved their right to bring a non-statutory action to challenge the Commission ruling. "A void judgment is one which is rendered by a tribunal acting without competency to render it, due to a lack of jurisdiction over the parties, the subject matter or the remedy ordered by that tribunal." State ex rel. Manchester Bank W. Cnty. v. Enright , 584 S.W.2d 416, 419 (Mo. App. E.D. 1979) (citations omitted); accord , Earls v. Majestic Pointe, Ltd. , 949 S.W.2d 239, 243-44 (Mo. App. S.D. 1997). The Friends' arguments, even if meritorious, would not establish that the Commission's decision was "void" in this sense.

The proceedings before the AHC are specifically denominated as "contested case administrative appeals," § 621.250.1, and must be decided following hearings which comply with the requirements of the Administrative Procedure Act. § 621.250.6. Although the AHC issues only a recommended decision, the Commission's final decision "shall be based only on the facts and evidence in the hearing record." § 621.250.3; see Sanders v. City of Columbia , 481 S.W.3d 136, 143-44 (Mo. App. W.D. 2016) (to constitute a "contested case," the ultimate decisionmaker must be limited to consideration of evidence developed at a formal hearing).

For example, a number of key documents from the administrative proceeding (including Callaway Farrowing's permit application; the Department of Natural Resources' initial permit decision; and the AHC's Recommended Decision) only appear in the record on appeal because they happen to have been attached to a motion filed by the Clean Water Commission. Other documents (such as a transcript of the hearing held before the AHC) are completely absent.