John E. WEBB, Appellant,

v.

BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, Respondent.

No. WD 38711.

Missouri Court of Appeals, Western District.

July 14, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied Oct. 13, 1987.

Peter Michael Schloss, Kansas City, for appellant.

Russell D. Jacobson, Kansas City, for respondent.

Before CLARK, P.J., and REINHARD and DOWD, JJ.

DOWD, Judge.

Police Officer John Webb (hereinafter appellant) appeals following the judgment of the trial court affirming the decision of the Board of Police Commissioners (hereinafter Board) terminating appellant on grounds that appellant was absent from duty without properly authorized leave in violation of the Police Department's personnel policies. We affirm.

In January 1983, formal charges were brought against appellant for violation of Kansas City Police Department Personnel Policy Number 565 which states: "Any member absent from scheduled duty without proper authorization for five consecutive days shall be considered for separation proceedings." A hearing was held on March 9, 1983, before a quorum of the Board of Police Commissioners composed of Commissioners Biggar, Birt, and Barker. Appellant was present at this hearing and was represented by counsel.

On March 11, 1983, the Board rendered its decision terminating appellant from his employment as of March 9, 1983. In its decision, however, the Board made only a single finding of fact: "That John Webb absented himself without proper authorization from scheduled duty on five (5) consecutive days on April 15, 16, 17, 18, and 19, 1982." Appellant sought judicial review of the Board's decision in the Circuit Court of Jackson County under the Administrative Procedure and Review Act, Chapter 536, RSMo 1986. The circuit court reversed the decision of the Board. The Board then appealed to this court. We affirmed the judgment of the circuit court reversing the action of the Board, holding that it was impossible to determine whether the decision of the Board was supported by substantial evidence from the Board's single finding of fact. *Webb v. Board of Police Commissioners of Kansas City*, 694 S.W.2d 927, 929 (Mo.App.1985). We remanded to the Board for specific findings of fact on all contested issues. We also authorized the Board to reopen the hearing for additional evidence if it so desired.

In April 1986, the Board reconvened to reconsider the evidence from appellant's March 9, 1983 hearing. The commissioners present at this time included Commissioners Barker, Birt, and former Commissioner Biggar, who comprised the quorum of the Board at appellant's March 1983 hearing. In addition, Commissioners Brookfield and Williams were also present to review the evidence. During the time period from appellant's hearing to the Court of Appeal's remand to the Board, Commissioner Biggar's term on the Board had expired. Former Commissioner Biggar attended the meeting to review the evidence as he had heard the evidence at the March 1983 hearing. The Board chose not to reopen the hearing for additional evidence.

After a review of the evidence upon the whole record, the Board rendered its decision to terminate appellant from his employment with the Kansas City Police Department as of March 9, 1983. The Board included an extensive "Findings of Fact" with its decision. Appellant once again sought judicial review of the Board's decision. The circuit court affirmed the decision of the Board.

In his first point on appeal, appellant contends the Board's decision was not supported by substantial evidence. The evidence adduced at the administrative hearing, considered in the light most favorable to the administrative agency, *Edmonds v. McNeal*, 596 S.W.2d 403, 406 (Mo. banc 1980), supports the following factual statement.

Appellant was employed by the Kansas City Police Department in 1971 as a civilian employee. In 1976 he became a patrol officer. Appellant was injured in an automobile accident in 1977 while on duty. He received a workmen's compensation settlement as a result of the accident and was

rated a permanent disability of nine percent.

During the months of January, February, and March 1982, appellant was absent a number of days. Police Department Personnel Rules prohibit absence from duty without properly authorized leave, Rule 19, and provide that "[a]ny member absent from scheduled duty without proper authorization for five consecutive days shall be considered for separation proceedings." Personnel Policy No. 565. When notified to do so by the Personnel Division or the immediate supervisor an employee must obtain a medical statement which "must be signed by the attending physician and shall include dates of treatment, diagnosis, and anticipated period of disability." Personnel Policy Nos. 540 & 545. The Department classified many of appellant's absences as unexcused absences.

In January 1982, the Chief of Police notified appellant by letter that he was required to produce a medical statement when he was unable to report to work due to an illness or non-duty related injury. The Chief referred appellant to personnel policies and advised appellant of the required contents of a medical statement.

Appellant claimed he gave the Department two statements from Dr. Douglas Rope, M.D. to support his claim of inability to work during the period of January-March 1982. The statement by Dr. Rope dated March 17, 1982, discussed appellant's back problem. On March 3, 1982, however, Dr. Rope had cleared appellant to return to work. The second statement by Dr. Rope dated March 29, 1982, made no diagnosis that appellant could not perform his regular duties as a police officer.

Dr. Rope rendered a third medical statement in regards to appellant's absence on April 1, 1982. This statement dated April 5, 1982 was in the form of a return to work slip that provided appellant's functional capacity was "not significantly impaired from usual level. May return to regular duties." This was the final medical statement the Department received from Dr. Rope.

Appellant was again absent from duty, for five consecutive days, on April, 15–19, 1982. Appellant phoned the desk sergeant on April 15 and advised he would not be at work because of back pain. The sergeant requested appellant to come to the station and bring any medical statements he had regarding his claim of inability to work.

Appellant brought a statement to the station later that day on April 15. The statement was signed by a psychologist, not a medical doctor, and provided: "Officer John Webb is still experiencing a great deal of situational distress. I still feel that confinement to his home is contraindicated. Treatment may best be served by this man interacting with his environment as he feels able." This statement was dated April 13, 1982. The Board found it had no application to the disability claimed on April 15 and found the statement contained no restrictions or limitations on appellant's ability to work.

Appellant has not reported for duty since before April 15, 1982. Further, appellant has not provided the Department with any subsequent medical statements to justify his absence.

Appellant contends his superior officers were harassing him and that he does not understand what requirements must be met in order to obtain a medical report acceptable to his superiors. The Board did not accept as credible appellant's claims that he was unable to perform his duties and his explanation as to why he failed to furnish medical statements for April 15–19, 1982 and thereafter.

■ Our standard of review is limited to "whether the action of the Board is support by substantial and competent evidence upon the whole record." *Edmonds, supra,* at 407. The determination of the witnesses' credibility is the function of the administrative tribunal. *Id.* at 408. The fact that the record also contains evidence in conflict with the finding of the Board is not grounds for reversal on appeal. *Id.* The reviewing court is bound by the decision of the Board so long as the finding of the Board is supported by substantial and competent evidence and is not contrary to the overwhelming weight of the evidence, even

though the evidence may warrant either of two opposed findings. *Id.* at 407–08.

We find the decision of the Board, terminating appellant because of absence from duty on five consecutive days without authorized leave, to be supported by substantial and competent evidence upon the whole record. To support his absence on April 15, 1982 and thereafter, appellant produced only a statement dated April 13 and signed by a psychologist. The statement did not include an anticipated period of disability or state that appellant was unable to perform his duties. The final statement from appellant's medical doctor, which appellant contends he produced for the Department, stated appellant could return to his regular duties.

Appellant contends the decision of the Board was not supported by substantial evidence first because the uncontroverted record established that appellant suffered from a duty related injury for which he is receiving continuous medical attention. Even if appellant was suffering from a duty related injury, the Department's personnel rules require that an employee suffering from an on-duty illness or injury obtain a medical statement providing a diagnosis and anticipated period of disability when notified to do so by the Personnel Division or the employee's immediate supervisor. The Department offered evidence that appellant was requested to furnish medical statements to justify his April 15–19 absences. Appellant denies he was asked to do so but the Board found the Department's evidence to be more convincing and credible than appellant's testimony. The Board found the statement produced by appellant did not excuse his absence.

Next appellant contends the decision of the Board is not supported by the evidence in that the Chief of Police produced no medical evidence to refute appellant's medical condition. Charges were brought against appellant for absence from duty on five consecutive days without properly authorized leave. The Department's personnel rules place the burden on the employee to produce a medical excuse to justify sick leave. To support the charges it was not necessary that the Chief of Police produce medical evidence to refute that appellant suffered from a disability. It was only necessary that the Department introduce evidence that appellant did not justify his absences with adequate medical statements.

Next appellant contends the evidence before the Board clearly established that appellant's employers manipulated his sick leave and thus the decision of the Board was not supported by substantial evidence. Appellant refers to evidence in the record that appellant's supervisors changed absences by appellant in January, February, and March from sick days to days deemed absent without authorization.

The Board did not accept as credible appellant's claims that his superiors were out to get him. Furthermore, it was not clear whether appellant submitted the medical statements by Dr. Rope in March 1982. In any event, even though appellant was advised in January 1982 of the necessity to justify his absences with medical statements, he did not furnish any statements to excuse his absences in February and did not furnish any statements prior to March 15 to support his claims.

Next, appellant contends the decision of the Board is arbitrary and capricious because the Board made specific findings as to the credibility of the evidence even though only three of the five Board members making the specific findings of fact were present during the evidentiary hearing. Section 536.080.2, RSMo 1986, does not require that an agency official hear all the evidence before joining in a final decision. This statute allows an agency official to join in a final decision if, prior to such decision, he reads the full record including all the evidence. § 536.080.2, RSMo 1986; *Schrewe v. Sanders*, 498 S.W.2d 775, 777 (Mo.1973). A member of an agency may still determine the credibility of the witnesses even though he was not present to hear and observe the witnesses testify. *Schrewe, supra,* at 778. In *Schrewe v. Sanders, supra,* the Missouri Supreme Court analogized § 536.080.2 to the rule applicable for record review by an

administrative body of the findings of a referee. Even though a referee hears the witnesses and makes the initial findings, the administrative body is not bound by the referee's findings but may review the record and determine therefrom the credibility of the witnesses and reach its own conclusions independent of the referee's findings. *Id.* at 778.

Next appellant contends the Board acted arbitrarily and capriciously in declining to reopen the hearing for additional evidence. Following our reversal of the first decision of the Board based on insufficient findings of fact, we remanded the case to the Board and authorized, but did not order, the Board to reopen the hearing for additional evidence if the Board in its discretion so desired. *Webb, supra,* at 929. The Board chose not to reopen the hearing, finding the narrow issue to be whether appellant had presented medical statements to justify his absences from duty on April 15–19 and that it was clear from the record that the only statements submitted by appellant at that time were already a part of the record. We do not find the Board's decision refusing to reopen the hearing to be arbitrary and capricious.

Finally, appellant contends the Board's decision is based solely on hearsay evidence and thus is not supported by substantial evidence. Appellant does not specify what evidence he considers to be hearsay. In any event, appellant voiced no objection at the hearing to the reception of any evidence. "Unobjected to hearsay evidence may be considered as competent and substantial evidence in an administrative proceeding." *Reed v. Labor & Industrial Relations Commission,* 664 S.W.2d 650, 653 (Mo.App.1984); *see also, Mills v. Federal Soldiers Home,* 549 S.W.2d 862, 867 (Mo. banc 1977); *Arnold v. McLeod,* 720 S.W.2d 385, 387 (Mo.App.1986). Moreover, our review of the record reveals there is ample evidentiary support for the decision of the Board in the nature of direct non-hearsay testimony by appellant's superiors whom the Board found to be credible and the testimony by appellant whom the Board found not to be credible. Moreover, the Department introduced official department forms for lost time showing appellant was absent for five consecutive days. An adequate foundation was laid to bring these documents within the business records exception as provided in the Administrative Procedure Act's rules on evidence, § 536.-070.(10), RSMo 1986.

In his final point on appeal appellant contends the Chief of Police created a special standard for appellant, in regards to verification of any injury or illness by medical statement, that was contrary to the established policies of the Department. As previously discussed, the Chief required that appellant produce a medical statement that included:

> the date(s) of treatment, a specific medical diagnosis, a prognosis, anticipated duration of the disability, the specific medical or therapeutic treatment prescribed, and a statement that [appellant was] physically and/or mentally incapable of effectively and safely performing all of the duties of a police officer during the entire period of disability.

Appellant contends the Chief's requirements exceed the minimal requirements for physician documentation as set forth in the Department's personnel policies: "The medical statement must be signed by the examining physician and shall include dates of treatment, diagnosis, and anticipated period of disability."

We are of the opinion that the requirements formulated by the Chief of Police are encompassed in the Department's personnel policy. In any event, the Board observed the Personnel policies in rendering its decision and concluded appellant's offered statements did not comply with that minimal standard so as to justify his absence from duty. Point denied.

The judgment affirming the decision of the Board is affirmed.

All concur.