**Harvey WEBER, Appellant,**

v.

**The FIREMEN'S RETIREMENT SYSTEM, Respondent.**

**No. 67363.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 20, 1995.

Tyrone Taborn, City Counselor, Michael A. Garvin, Asst. City Counselor, St. Louis, for appellant.

Alif Williams, St. Louis, for respondent.

KAROHL, Judge.

Harvey Weber appeals after the trial court affirmed the decision by the Board of Trustees for the Firemen's Retirement System of St. Louis (Retirement Board) to deny his claim for service connected disability. We affirm.

Weber served for eighteen years as a firefighter with the St. Louis Fire Department, reaching the rank of captain. During the course of his employment, he sustained several service related back injuries. He received medical treatment for these injuries, each time returning to active duty. His last injury occurred on July 9, 1986, when the pressure from a fire hose knocked him down a flight of stairs. He was treated for this injury by four physicians at the city-employed Healthline Corporate Health Center and was excused from work.

On March 11, 1987, Weber applied for service connected disability retirement. Section 4.18.155 of the Revised Code of the City of St. Louis details the procedure for an application for accidental disability allowance. In accordance with this section, the Retirement Board appointed a Medical Board of three physicians to examine Weber and review his medical records. The three Medical Board physicians examined him individually. Two of the three physicians, Dr. Sheridan and Dr. Kuhlman, concluded there was no objective evidence to support his disability claim. The third physician, Dr. Dusek, concluded he was permanently unable to perform a fire captain's duty. After receiving the Medical Board's recommendation, the Retirement Board denied his application on October 29, 1987, and upheld the denial the next day.

Weber requested a formal hearing. At the hearing, he presented the Retirement Board with medical records from his treating physicians at Healthline, detailing his disability. He also described to the Retirement Board the pain associated with his injuries. The Retirement Board voted again to deny the application. No request was made for findings of fact or conclusions of law.

Weber appealed the Retirement Board's decision. He claimed the decision was arbitrary and not based on substantial evidence. On March 9, 1992, the St. Louis City Circuit Court sustained the Retirement Board's decision finding the evidence supported the result. He appealed to this Court. We affirmed the Retirement Board's decision. The Missouri Supreme Court granted transfer. It reversed the judgment of the trial

court on grounds the Retirement Board failed to issue findings of fact and conclusions of law. *Weber v. Firemen's Retirement System,* 872 S.W.2d 477 (Mo. banc 1994). The cause was remanded to the trial court which further remanded it to the Retirement Board for findings of fact and conclusions of law.

The Retirement Board issued written findings. It again denied Weber's permanent disability claim. He appealed to the circuit court which again affirmed the Retirement Board's decision. This appeal follows.

Weber raises three points on appeal. In Point I, he asserts the Retirement Board failed to make findings of fact which comply with § 536.090 RSMo 1986 and the mandate in the first appeal. Section 536.090 in relevant part states:

Every decision ... in a contested case shall be in writing, and ... shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order.

■ The findings must (1) constitute a factual resolution of the matters in contest before the administrative agency, (2) advise the parties and the circuit court of the factual basis upon which the administrative agency reached its conclusion and order, (3) provide a basis for the circuit court to perform its limited function in reviewing administrative agency decisions, and (4) show how the controlling issues have been decided. *Phil Crowley Steel Corp. v. King,* 778 S.W.2d 800, 803 (Mo.App.1989). A summary of the testimony or a statement of ultimate conclusions is insufficient. *Id.* A mere chronology of events is also insufficient. *Id.*

■ The Retirement Board's administrative decision consists of eleven paragraphs. Weber argues there are no findings of underlying facts as required by statute, only a chronology of events and an ultimate conclusion. Weber's argument is without merit. Paragraphs four, five, eight, nine and ten all state underlying facts to support the Retirement Board's ultimate conclusion that the

denial of benefits was not an abuse of discretion.

Paragraphs four and five identify the fact that the Medical Board, before and after reviewing the records of the four Healthline physicians who treated Weber, found no objective finding of disability. In paragraphs eight and nine, the Retirement Board found Weber's testimony of his subjective complaints not credible, in particular to his alleged incapacity. Finally, in paragraph ten the Retirement Board found him not mentally or physically incapacitated. All five of these paragraphs identify facts which address the controlling issues and support the ultimate decision to deny his application for disability retirement benefits.

■ In his second point, Weber argues the Retirement Board's decision was not supported by competent and substantial evidence and was arbitrary because it ignored his disabling pain. Our standard of review is limited. We are bound by the decision of the Board so long as its finding is not contrary to the weight of the evidence, even though the evidence may warrant either of two opposed findings. *Webb v. Bd. of Police Com'rs of Kansas City,* 736 S.W.2d 451, 453–454 (Mo. App.1987). The fact that the record also contains evidence in conflict with the finding of the Board is not grounds for reversal on appeal. *Id.* at 453. Therefore, the evidence must be reviewed in a light most favorable to the Board's findings and its decision reversed only if there is no substantial evidence to support it. *Eubank v. Sayad,* 669 S.W.2d 566, 567 (Mo.App.1984).

■ The decision of the Retirement Board denying Weber's application for disability is supported by substantial and competent evidence. After examining Weber, two of the three members of the Medical Board concluded there were no objective signs or diagnostic tests on which to base a finding of total or permanent disability. The members of the Medical Board also reviewed the records of his four treating physicians at Healthline. These four doctors performed a series of objective tests including a myelogram, a CT scan, an EMG, a MRI, a Babinski test to identify protruded or herniated disks, vertebrae fractures or spinal cord inju-

ries, and a nerve conduction study. All of these tests failed to identify any physical abnormalities which could explain his claimed back pain.

The only other evidence Weber offered was his subjective complaints of pain. The determination of a witnesses' credibility is the function of the administrative tribunal. *Webb*, 736 S.W.2d at 453. Here, the Retirement Board determined his testimony was not credible regarding his alleged incapacity. Therefore, since the Retirement Board noted a lack of objective evidence to support his application and additionally rejected his testimony of subjective symptoms, the Retirement Board's decision was not against the weight of the evidence.

In Point III, Weber claims the Retirement Board relied solely on the Medical Board's recommendation, a violation of § 87.145 RSMo 1986 which grants the Retirement Board exclusive jurisdiction. He argues the Retirement Board must make an independent administrative decision and prepare findings of fact and conclusions of law legally sufficient for judicial review. The Retirement Board did consider and adopt the Medical Board's conclusion that there was no objective evidence to support Weber's claim in its subsequent findings of fact and conclusions of law. However, the Retirement Board also considered and rejected Weber's own testimony regarding his subjective complaints of pain offered at a formal administrative hearing. The Medical Board's recommendation was not the only factor in the Retirement Board's ultimate decision to deny his application for disability. There is no basis to support Weber's conclusion the Retirement Board failed to perform its duty. Point III denied.

We affirm.

AHRENS, P.J., and SIMON, J., concur.