Billie Joe **BOLLINGER**, Appellant,

v.

**Gretchen WARTMAN, Director, Division of Maternal, Child and Family Health, Respondent.**

No. ED 76274.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 1, 2000.

Richard J. Magee, McAuliffe Law Firm, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

### MEMORANDUM DECISION

PER CURIAM.

The Missouri Department of Health (hereafter "the Department") dismissed Bollinger from employment with the Bureau of Special Health Care Needs, Division of Maternal, Child and Family Health. The dismissal was based upon two complaints made by two female co-workers, Dean and Butler–Powell, that Bollinger had sexually harassed them. Bollinger appealed his dismissal to the Personnel Advisory Board of the State of Missouri (hereafter "the Board"). The Board approved Bollinger's dismissal, finding that Bollinger sexually harassed Butler–Powell, but not Dean. Bollinger appealed the Board's decision to the Circuit Court. The Circuit Court entered judgment affirming the Board's decision. Bollinger appeals the Circuit Court's judgment on three grounds: (1) the Board's decision was not supported by competent and substantial evidence and was arbitrary, capricious and unreasonable; (2) there was no evidence that Bollinger willfully violated the Department of Health's sexual harassment policy; and (3) the Appointing Authority failed to follow its own progressive discipline policy.

This court reviews the decision of the administrative agency, and not that of the trial court. *Missouri Ethics Com'n v. Thomas,* 956 S.W.2d 456, 457 (Mo.App. W.D.1997). We must determine whether competent and substantial evidence supported the agency's decision, whether the agency's decision was arbitrary, capricious, or unreasonable, or whether the agency

abused its discretion. *Psychare Management, Inc. v. Dep't of Social Services Div. of Medical Services,* 980 S.W.2d 311, 312 (Mo.banc 1998). The evidence is considered in a light most favorable to the administrative agency's finding, together with all favorable inferences which support it. *State ex rel. Drury Displays, Inc. v. City of Olivette,* 976 S.W.2d 634, 635 (Mo. App. E.D.1998). An Administrative law judge's decision is presumed correct and the burden in challenging such a decision is heavy. *State ex rel. Sure–Way Transp., Inc. v. Division of Transp. Dept. of Economic Development, State of Mo.,* 836 S.W.2d 23, 25 (Mo.App. W.D.1992). Where evidence could support a finding either way, an appellate court is bound to uphold the decision of the agency. *Weber v. Firemen's Retirement System,* 899 S.W.2d 948, 951 (Mo.App. E.D.1995).

"The fact that the record also contains evidence in conflict with the finding of the [administrative agency] is not grounds for reversal on appeal." *Weber,* 899 S.W.2d at 950. The determination of a witnesses' credibility is the function of the administrative tribunal. *Id.* at 951. This court has held that, when testimony or other evidence is in conflict in an administrative proceeding, "we defer to the agency's expertise and findings with regard to the credibility of witnesses, and 'if the evidence permits either of two opposed findings, we should accept the findings of the administrative body.'" Likewise, the Missouri Supreme Court has recently cautioned that "[t]he temptation to substitute the Court's judgment on factual matters for the [administrative agency's] fact-finding must be resisted." *Psychare Management, Inc. v. Dep't of Social Services Div. of Medical Services,* 980 S.W.2d 311, 312 (Mo.banc 1998).

Bollinger, in his first point on appeal, argues the Board's decision was not supported by competent and substantial evidence and was arbitrary, capricious and unreasonable. We find the Board's decision is overwhelmingly supported by

competent and substantial evidence. Ms. Butler–Powell testified in detail to several incidents of unwanted sexual harassment. Bollinger denied the allegations. It is the function of the Personnel Advisory Board, not the appellate court, to determine the credibility of witnesses. *Kramer v. Mason*, 806 S.W.2d 131, 134 (Mo.App. E.D. 1991). The Board may choose to believe all, part or none of the testimony of any particular witness. *Id.* It is not this court's job to weigh testimony or to reconcile conflicts in that testimony. Rather, we look only for competent and substantial evidence to support the agency's findings, of which there is an abundance in this case. Point one is denied.

Bollinger next argues there was no competent and substantial evidence introduced at his hearing that he willfully violated the Department of Health's sexual harassment policy. Willful violation of a regulation or policy can be established by showing the individual was aware that his or her conduct was proscribed. *Burgess v. Ferguson Reorganized School Dist. R–2*, 820 S.W.2d 651 (Mo.App. E.D.1991); *Ortbals v. Special School District of St. Louis*, 762 S.W.2d 437, 440 (Mo.App.1988).

The Board expressly found that Bollinger was aware of the Department's policy concerning sexual harassment. Evidence was introduced indicating Bollinger signed for and received the Department's employee handbook and received sexual harassment training while employed with the Department. Bollinger testified he attended a sexual discrimination seminar in 1994. Further testimony at the hearing indicated that memos, conversations and meetings all address the Department's sexual harassment policy.

On the record before us, it is clear that Bollinger knew the conduct in question was prohibited. Therefore, substantial and competent evidence supports the Board's finding that Bollinger's conduct was willful. Point two is denied.

In his third and final point on appeal, Bollinger claims the Appointing Authority failed to follow its own progressive discipline policy because it skipped steps one through three of the policy. Therefore, Bollinger argues his dismissal was based upon unlawful procedure and was arbitrary, capricious and unreasonable.

The Department's administrative manual sets forth the following:

Discipline is normally administered in four progressive steps ... (1) oral counseling; (2) written reprimand; (3) suspension; and (4) dismissal. **However, discipline may be initiated and administered at any one of the steps, including suspension or dismissal, depending upon the seriousness or nature of the cause for disciplinary action.** (emphasis added.)

Based upon the record before us, we find the evidence more than sufficient to warrant the Department's skipping steps one through three. Bollinger's conduct was of such a "seriousness" that it merited immediate dismissal. Point three is denied.

We have reviewed the record and the briefs before us. No error of law appears and an opinion reciting the detailed facts and restating the principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).