Brian HANFORD, Respondent,

v.

CITY OF ARNOLD, Missouri, Appellant.

No. ED 78294.

Missouri Court of Appeals, Eastern District, Division One.

May 29, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 19, 2001.

708

Robert K. Sweeney, Arnold, MO, for appellant.

Richard A. Barry, St. Louis, MO, for respondent.

ROBERT G. DOWD, Jr., Judge.

The City of Arnold (the City) appeals from a judgment of the circuit court reversing its decision to terminate Arnold Police Officer Brian Hanford (Respondent). The City's sole point on appeal is that the circuit court erred, and exceeded its authority, by substituting its judgment for that of the Police Personnel Board of the City of Arnold (the Board). The City argues the decision of the Board was supported by competent and substantial evidence, was not arbitrary, capricious, unreasonable, or an abuse of discretion.

Further, the City contends its decision did not violate the due process rights of Respondent as Respondent did not meet the burden in the circuit court necessary to overturn the decision of the Board, an administrative agency. We reverse the circuit court's decision.

We review the evidence in the light most favorable to the Board's decision. *Bickl v. Smith*, 23 S.W.3d 865, 866 (Mo.App. E.D. 2000).

Respondent was a police officer with the City with approximately two and one-half years of service. On February 20, 1999, Respondent along with another police officer, Jason Gorenstein (Officer Gorenstein), were on duty and attempting to execute a warrant at the residence of an individual located in the City. Also located at the residence was Todd Joines (Joines), known to be "combative" with the police and suspected of several recent crimes. The previous day Respondent had expressed an interest to Officer Gorenstein in confronting Joines about some anti-police graffitti.

After an initial struggle with the individual named in the warrant, Respondent and Officer Gorenstein subdued and arrested the individual and placed him in custody. Thereafter, Officer Gorenstein informed Respondent of Joines' identity and Respondent began talking with Joines about recent complaints of vandalism. During the conversation with Joines, Respondent removed his gun and badge and placed them in his patrol car, the same patrol car into which the individual named in the warrant had been placed. Officer Gorenstein stood at the front end of Respondent's vehicle and overheard the entire conversation between Respondent and Joines. After Respondent allegedly challenged Joines to a fight and used inappropriate abusive language, Joines produced a cellular phone and called the Arnold Police

Department to complain about Respondent's behavior.

Joines filed a formal complaint with the City regarding the incident with Respondent. Lieutenant Robert Shockey conducted an internal affairs investigation, at the conclusion of which he found Respondent had not been truthful in his statement regarding the removal of his gun and badge and threatening Joines. Further, Lieutenant Shockey found Respondent failed to promptly and properly respond to a direct order regarding the preparation of his statement and that he failed to use his micro-cassette recorder as required by General Order 24.12.2.

Following the internal affairs investigation and a brief pre-termination hearing, Police Chief Dale R. Fredeking determined that Respondent had violated the Arnold Police Department Policy and Procedure Manual and subsequently decided to terminate Respondent. Respondent appealed his dismissal to the Board and a hearing was held before the Board.

The Board issued its Findings of Fact, Conclusions of Law, and Decision wherein it unanimously upheld Respondent's termination. The Board concluded that Respondent had violated General Orders cited within the City of Arnold Police Department Policy and Procedure Manual, including:

(1) Standards of police conduct and courtesy;

(2) Micro cassette Recorder Usage;

(3) Weapons and Firearms Safety; and

(4) Insignia and Appearance while in Uniform.

The Board further concluded:

The progressive discipline policy set forth in General Order No. 32 was properly followed by Chief Fredeking in that, in part, the penalty provided for the first offense for violation of General Order

No. 42 for violation of department firearms policy is from a reprimand to a dismissal and a violation of General Order No. 14.3.12 for engaging in any conduct or acts which could bring discredit upon the department or his personnel is from a reprimand to a dismissal. The decision of Fredeking to terminate Officer Hanford was within the range of penalties provided for in General Order No. 32 concerning discipline.

Respondent filed a "Petition for Judicial Review" of the Board's decision in the Circuit Court of the County of St. Louis. The court issued an Order reversing Respondent's termination. The court found the termination was an "arbitrary and unreasonable violation" of Respondent's rights, specifically a violation of Respondent's due process rights in that the City failed "to adhere to its own established policy of progressive discipline" in abruptly terminating Respondent. The court further found that Respondent's termination "after such minor alleged infractions shocks the conscience" and was therefore an abuse of discretion. The court ordered that Respondent be reinstated and be restored all pay and benefits to which Respondent would have been entitled had the termination never occurred. The court also ordered the City to pay Respondent's court costs and attorney's fees. This appeal follows.

In its sole point on appeal, the City alleges the circuit court erred in reversing the Board's decision because the record contains competent and substantial evidence (1) that Respondent violated several specific General Orders and (2) that Chief Fredeking had followed the progressive discipline policy set forth in the General Orders before terminating Respondent. We agree.

■ On appeal from an administrative agency decision in a contested case, we review the findings and decision of the agency, not the findings of the circuit court. *Jones v. City of Jennings*, 23 S.W.3d 801, 803 (Mo.App. E.D.2000). In reviewing an administrative agency decision, the evidence is viewed in its entirety together with all legitimate inferences therefrom, in a light most favorable to the agency. *Id.*

Our review is controlled by Section 536.140.2, RSMo 2000, which provides:

The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

Based on the testimony of Joines, as corroborated by Officer Gorenstein, Respondent and Joines were "getting in each other's faces" and on several occasions Respondent challenged Joines to a fight. Respondent denied the allegations.

■ It is the function of the Board, not the appellate court, to determine the credibility of witnesses. *Bollinger v. Wartman*, 24 S.W.3d 731, 734 (Mo.App. E.D.2000). The Board may choose to believe all, part, or none of the testimony of any particular witness. *Id.* It is not this court's job to weigh the testimony or to reconcile conflicts in that testimony. *Id.* Rather, we look only for competent and substantial evidence to support the agen-

cy's findings, of which there is a substantial amount in this case.

█ Respondent testified that he did not challenge Joines to fight. This testimony directly contradicts the testimony of both Joines and Officer Gorenstein. Despite its consideration of Respondent's testimony, the Board chose not to credit Respondent's testimony, but to rely on the testimony of Joines as corroborated by Officer Gorenstein. The Board concluded that it is the officer's responsibility, pursuant to the General Orders, to ensure that the tape recorder is functioning properly. Accordingly, Respondent's failure to record the incident made it impossible for the Board to review this information. The Board noted that had Respondent recorded the conversation, as required, he could have effectively contradicted the witnesses' testimony.

Further, the Board expressly found, and Respondent acknowledged, that Respondent removed his weapon and badge, while on duty, and placed them in his locked patrol car in an effort to relax the suspect and obtain a confession. However, the Board concluded that the weapon was not placed in a location certain to be secure considering the fact there was a prisoner in the patrol car and that Joines was himself a hostile citizen. Removal of gun and badge are a violation of Arnold Police Department General Orders.

█ Respondent claims the Board failed to follow its own progressive discipline policy by immediately terminating him. Therefore, Respondent argues his dismissal was unconstitutional and was arbitrary, unreasonable, and capricious.

The Arnold Police Department's General Order 32.2.5 sets forth the following:

The Chief of Police or his assigned designate may dismiss any officer/dispatcher, under his or her jurisdiction for failing to correct any deficiency or improper behavior which has been dealt with by progressive disciplinary action, or for violation of any Standard of Conduct.... The immediate cause of a dismissal may be a relatively minor infraction, however, the penalty of dismissal is assessed because of the employee's total work record. *Dismissal is proper, although, the employee may have committed only a single infraction. The severity of the infraction is considered in this instance.*
(emphasis added)

Based on the record before us, we find evidence that the Board's decision was neither arbitrary, unreasonable nor capricious. The Board made detailed findings that Respondent violated each and every General Order prosecuted by the City during the hearing. Conversely, the circuit court failed to provide any specific evidence from the record supporting its decision or identifying any flaw in the Board's reasoning or overall determination. The circuit court did not address Respondent's attempt to secure Officer Gorenstein's commitment not to mention the gun and badge incident in any report. Further, the circuit court failed to address Respondent's request to review Officer Gorenstein's memorandum prior to preparing his own.

We find the Board's decision is overwhelmingly supported by competent and substantial evidence, including (1) witness testimony and a corroborating affidavit by Officer Gorenstein regarding Respondent's improper behavior, (2) Respondent's failure to record the conversation between himself and Joines, and (3) Respondent's unauthorized removal of his gun and badge while on duty. Further, we find the Board's decision to terminate Respondent did not violate Respondent's due process rights. There is competent and substan-

tial evidence to support the Board's findings. Respondent's conduct was of such seriousness that it merited immediate termination. Point denied.

We reverse the circuit court's decision.

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.