HTH COMPANIES, INC. and Thermal-tech, Inc., Petitioners/Appellants,

v.

MO. DEPT. OF LABOR AND INDUS-TRIAL RELATIONS, et al., Re-spondents/Respondents.

No. ED 84234.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 21, 2004.

Application for Transfer to Supreme Court Denied Feb. 9, 2005.

Application for Transfer Denied
April 5, 2005.

Thomas Alan Sheehan, Prairie Village, KS, for HTH Companies, Inc & Thermaltech, Inc.

Michael Eugene Cook Pritchett, John Patrick Madigan Jr., co-counsel, Chief Counsel, Jefferson City, MO, for MO Division of Labor Standards & Labor & Industrial Relations Commission.

John H. Goffstein, St. Louis, MO, for Intl. Association of Heat Frost, Insulators & Asbestos.

SHERRI B. SULLIVAN, J.

HTH Companies, Inc. (HTH) and Thermaltech, Inc. (Thermaltech) (collectively Appellants) appeal from the circuit court's judgment affirming the decision of the Labor and Industrial Relations Commission (the Commission) setting the prevailing wage rate for asbestos workers in Boone and Cole Counties at $37.15 per hour.

## Background

Each year the Division of Labor Standards of the Missouri Department of Labor and Industrial Relations (Division) issues an Annual Wage Order that sets out the prevailing hourly rate of wages in each county for each separate occupational title. Section 290.262.1.[1] The prevailing wage for each occupational title [2] is generally determined by collecting information from throughout the state about how much is actually being paid for the work within those titles in each county.[3] The Division collects reports from contractors, public bodies, and other interested parties that identify the occupational titles of workers that had been engaged in construction projects, the wages and benefits provided to those workers, the number of hours they worked, and the county in which the work was performed. The wage rate and benefits paid most frequently in a county for a particular occupational title becomes the prevailing wage for that occupational title in that county. *Branson R–IV School Dist. v. Labor and Indus. Rels. Com'n,* 888 S.W.2d 717, 720 (Mo.App. S.D.1994).

Pursuant to the foregoing, in March 2002 the Division filed its Annual Wage Order No. 9 (Order No. 9) with the Missouri Secretary of State. In Order No. 9, the Division had determined the prevailing wage rate for the occupational title of Asbestos Worker in Boone and Cole Counties to be $13.95 per hour. In April 2002, Asbestos Workers Local No. 1 (the union), filed objections to the wage rate set in Order No. 9. HTH and Thermaltech intervened in the proceeding. The Commission held a hearing on the union's objection in May 2002. In June, the Commission entered its determination that the prevailing wage rate for asbestos workers in Boone and Cole Counties was $37.15 per hour.

HTH and Thermaltech filed a petition for review of the Commission's order in circuit court. Appellants asserted that the Commission erred in excluding from its consideration Thermaltech's reports to the Division of hours worked by its asbestos workers. When the union withdrew its objection to the consideration of Thermaltech's reports by the Commission, the circuit court remanded the case to the Commission for further proceedings.

The Commission held another hearing in April 2003. In June, the Commission again determined that the prevailing wage rate for asbestos workers in Boone and Cole Counties was $37.15 per hour. In July, Appellants filed a petition for review of the new Commission decision in circuit court, contending that the Commission erred in excluding the hours worked by apprentices in determining the prevailing wage. In January 2004, the circuit court entered its judgment affirming the Commission's decision. Appellants appeal from that judgment.

## Standard of Review

■■■ This court reviews the decision of the administrative agency, and not that of the trial court. *Bollinger v. Wartman,* 24 S.W.3d 731, 733 (Mo.App. E.D.2000). We must determine whether competent and substantial evidence supported the agency's decision, whether the agency's decision was arbitrary, capricious, or unreasonable, or whether the agency abused its discretion. *Id.* The evidence is considered in a light most favorable to the administrative agency's finding, together with all favorable inferences which support it. *Id.*

---

1. All statutory references are to RSMo 2000.

2. The occupational title at issue in this case is asbestos worker.

3. The counties at issue in this case are Boone and Cole Counties.

The agency's decision is presumed correct and the burden in challenging such a decision is heavy. *Id.* Where evidence could support a finding either way, we are bound to uphold the decision of the agency. *Id.* When reviewing questions of law, however, we exercise unrestricted, independent judgment and must correct erroneous interpretations of law. *Burlington Northern R.R. v. Director of Revenue,* 785 S.W.2d 272, 273 (Mo.banc 1990).

## Discussion

■ In their first point, Appellants maintain that the Commission acted arbitrarily, capriciously, unreasonably, and outside its jurisdiction when it set the prevailing wage for asbestos workers in Boone and Cole Counties at $37.15 per hour because the Commission excluded hours performed by apprentices that were paid at the higher journeyman wage rate, and Missouri law mandates that the Commission consider not only wage rates established by collective bargaining agreements, but also the rates that are paid generally within the locality.

Missouri law requires the Department of Labor and Industrial Relations to determine once each year the prevailing hourly rate of wages paid to each occupational title of work in each county in Missouri. Section 290.250 [4]; *HTH Companies, Inc. v. Missouri Labor and Industrial Relations Com'n,* 995 S.W.2d 503, 506 (Mo.App. W.D. 1999). The "prevailing hourly rate of wages" is defined in Section 290.210(5) as "the wages paid generally, in the locality in which the public works is being performed, to *workmen* engaged in work of similar character including the basic hourly rate of pay" and any contributions made by the employer for other "fringe benefits." *HTH Companies, Inc.,* 995 S.W.2d at 506. (Emphasis added). In determining the

prevailing rate, Section 290.262(1) requires that the department "shall ascertain and consider the applicable wage rates established by collective bargaining agreements, if any, and the rates that are paid generally within the locality...." *Id.*

Appellants argue that the hours worked by apprentices should have been included and considered in determining the prevailing wage rate for *workmen* under the terms of the statute. The Commission excluded the hours worked by apprentices in determining the prevailing wage rate for workmen.

■ We agree with the Commission. *Workmen* are defined in the statute as including "laborers, workmen and mechanics." Section 290.210(8). The statute does not specifically define *apprentice.* Webster's Dictionary 66 (2d ed.1997) defines an apprentice as: "a person who works for another in order to learn a trade" and "learner; novice." An apprentice is also defined as "a person bound by an indenture to work for an employer for a specified period to learn a craft, trade, or profession" or "a learner in any field of employment or business." Black's Law Dictionary 97–98 (7th ed.1999). The Missouri Code of State Regulations sets forth the requirements for the payment of apprentice wages for workers employed on public works subject to the Prevailing Wage Law. 8 C.S.R. 30–3.030(2) provides that "Apprentices shall be permitted to work at less than the predetermined rate for the class or type of work they performed when they are employed pursuant to and individually registered in a bona fide apprenticeship program ..." and they are working with adequate supervision as defined in that program. Once an apprentice achieves full journeymen status, i.e. fully-trained and finished with their ap-

4. All statutory references are to RSMo 2004, unless otherwise noted.

prenticeship status, then they must be paid the full prevailing wage rate. 8 C.S.R. 30–3.030(1). We find that this distinction logically necessitates that apprentices' wages, specifically lower than the prevailing wage rate of journeymen workers, should not be included in determining what the prevailing wage rate for journeymen workers should be.

It is also interesting to note that the information used by the Division in determining prevailing wages is submitted to the Division on a form called "Contractor's Report of Construction Wage Rates, Form LS–04 (8–99) A1." Instructions for completion of the form provide that the hours of work reported should not include hours worked by apprentices.

█ Finally, we determine that the portion of 8 C.S.R. 30–3.030 requiring payment of full prevailing wages to apprentices in certain instances is not inconsistent with exclusion of apprentice hours worked at that rate because the regulation is meant to curb abuses of apprentice status and has no bearing on the prevailing wage calculation. Point denied.

In their second point, Appellants assert that the Commission erred when it set the prevailing wage for asbestos workers in Boone and Cole Counties at $37.15 per hour because it engaged in improper rulemaking activity in violation of the Administrative Procedures Act (APA) in that its blanket refusal to consider hours worked by apprentices constituted a statement of general applicability that implemented, interpreted, or prescribed law or policy and proper notice was not given.

█ The central question in this point is whether the Commission, in determining prevailing wage rates for asbestos workers in Boone and Cole Counties, improperly based its decision on an interpretation of the statutes that should have been promulgated as a rule pursuant to the APA rulemaking requirements. We conclude that the Commission's determination was not based on a rule. Therefore, no rule-making procedures were required, and the Commission's determination should be affirmed.

█ Section 536.010(4) defines a rule as "each agency statement of general applicability that implements, interprets, or prescribes law or policy." In other words, a rule is "[a]n agency statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts." *Missourians for Separation of Church and State v. Robertson*, 592 S.W.2d 825, 841 (Mo.App.1979). In contrast to a rule, an adjudication is "[a]n agency decision which acts on a specific set of accrued facts and concludes only them." *Id.* An adjudication results from a "contested case," which the APA defines as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2).

The instant case involves an adjudication by the Commission. Like in *Branson R–IV School Dist. v. Labor and Indus. Relations Com'n*, 888 S.W.2d 717, 721 (Mo.App. S.D.1994), "[t]he only 'rules' implicated in that adjudication are the statutory rules (i.e., the laws) by which the legislature defined the term 'prevailing hourly rate of wages' and directed how prevailing wage rates should be determined." In this case, the Commission reached a decision in a contested case as to whether or not hours worked by apprentices should be included in determining the prevailing wage rate, through a valid interpretation and application of relevant statutes. *Id.* at 724.

We conclude that the Commission did not engage in improper rulemaking when it determined that apprentice hours should

not be used in determining prevailing wages because the determination was made in a decision on a contested case and because it was based on a valid interpretation and application of the relevant statutes. Point denied.

The judgment of the trial court is affirmed.

GEORGE W. DRAPER III, C.J., and BOOKER T. SHAW, J., concur.