SHERRI B. SULLIVAN, J.
 

 HTH Companies, Inc. (HTH) and Ther-maltech, Inc. (Thermaltech) (collectively Appellants) appeal from the Franklin County Circuit Court’s judgment reversing the Labor and Industrial Relations Commission’s (the Commission) decision that set the prevailing wage rate for asbestos workers in Boone County at $38.00 per hour in Wage Order No. 10, and setting the prevailing wage at $16.04. The Circuit Court based its reversal on its finding that the Commission wrongfully engaged in rulemaking when it excluded the hours worked by an illegal alien in its determination of the prevailing wage.
 

 We reverse the judgment of the Circuit Court reversing the Commission’s decision. We affirm the decision of the Commission.
 

 Background
 

 Each year the Division of Labor Standards of the Missouri Department of Labor and Industrial Relations (Division) issues an Annual Wage Order that sets out the prevailing hourly rate of wages in each county for each separate occupational title. Section 290.262.1.
 
 [1]
 
 The prevailing wage for each occupational title
 
 [2]
 
 is generally determined by collecting information from throughout the state about how much is actually being paid for the work within those titles in each county.
 
 [3]
 
 The Division collects reports from contractors, public bodies, and other interested parties that identify the occupational titles of workers that had been engaged in construction projects, the wages and benefits provided to those workers, the number of hours they worked, and the county in which the work was performed. The wage rate and benefits paid most frequently in a county for a particular occupational title becomes the prevailing wage for that occupational title in that county.
 
 Branson R-IV School Dist. v. Labor and Indus. Relations Comm’n,
 
 888 S.W.2d 717, 720 (Mo.App. S.D.1994).
 

 Pursuant to the foregoing, in March 2003 the Division filed its Annual Wage Order No. 10 (Order No. 10) with the Missouri Secretary of State. In Order No. 10, the Division determined the prevailing
 
 *347
 
 wage rate for the occupational title of Asbestos Worker in Boone County to be $16.04 per hour. In April 2003, Asbestos Workers Local No. 1 (the Union) filed objections to the wage rate set in Order No. 10. HTH intervened in the proceeding. The Commission held a hearing on the Union’s objection in May 2003. In July, the Commission entered its determination that the prevailing wage rate for asbestos workers in Boone County was $38.00 per hour.
 

 The Union filed a petition for review of the Commission’s order in Cole County Circuit Court, contending that the Commission erred in failing to grant it attorney’s fees and failing to sanction the contractors for ignoring Commission rules as to apprenticeship. HTH and Thermaltech filed a petition for review of the Commission’s order in Franklin County Circuit Court, asserting that the Commission erred in excluding from its consideration certain hours worked by the asbestos workers and including others.
 

 In March 2004, the Franklin County Circuit Court entered its judgment reversing the Commission’s prevailing wage determination and determining the prevailing wage for the Boone County asbestos workers to be $16.04. The judgment also rejected a challenge to the court’s jurisdiction to hear the case based on the Union’s filing of its petition for review in Cole County earlier than Appellants filed then’ petition for review in Franklin County. The court concluded that the Union’s Cole County petition did not raise an issue as to Order No. 10 and even after amended to include claims as to Order No. 10, did not involve the same subject matter as the Franklin County case that it was deciding. This appeal follows.
 

 Standard of Review
 

 This court reviews the decision of the administrative agency, and not that of the trial court.
 
 Bollinger v. Wartman,
 
 24 S.W.3d 731, 733 (Mo.App. E.D.2000). We must determine whether competent and substantial evidence supported the agency’s decision, whether the agency’s decision was arbitrary, capricious, or unreasonable, or whether the agency abused its discretion.
 
 Id.
 
 The evidence is considered in a light most favorable to the administrative agency’s finding, together with all favorable inferences which support it.
 
 Id.
 
 The agency’s decision is presumed correct and the burden in challenging such a decision is heavy.
 
 Id.
 
 Where evidence could support a finding either way, we are bound to uphold the decision of the agency.
 
 Id.
 
 When reviewing questions of law, however, we exercise unrestricted, independent judgment and must correct erroneous interpretations of law.
 
 Burlington Northern R.R. v. Director of Revenue,
 
 785 S.W.2d 272, 273 (Mo.banc 1990).
 

 Jurisdiction
 

 We review the jurisdictional issue raised by the Division and the Union independently on appeal.
 
 Kieffer v. Niemeyer,
 
 113 S.W.3d 300, 301 (Mo.App. E.D.2003).
 

 The Division and the Union argue that the Franklin County Circuit Court did not have jurisdiction to enter a judgment in this case because the petition for review of the Commission’s decision was filed in Franklin County on July 8, 2003, five days after the Union had filed its petition for review of the decision in Cole County on July 3, 2003.
 

 Abatement, also known as the “pending action doctrine,” holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed.
 
 Bellon Wrecking & Salvage Co. v. David Orf, Inc.,
 
 983
 
 *348
 
 S.W.2d 541, 548 (Mo.App. E.D.1998). The court in which the claim is first filed acquires exclusive jurisdiction over the matter.
 
 Id.
 

 The Division and Union contend that the case before the Franklin County Circuit Court and the one filed earlier in Cole County involved the same parties and the same subject matter, i.e., the validity of the Commission’s July 1, 2003 decision as to the prevailing wage to be used in Annual Wage Order No. 10 for the occupational title of Asbestos Worker in Boone County. However, in order for the abatement doctrine to apply, the
 
 object and purpose
 
 of the two actions, including the principles of law raised, must be the same.
 
 Estate of Holtmeyer v. Piontek,
 
 913 S.W.2d 352, 357 (Mo.App. E.D.1996) (Emphasis added). Such was not the case here. The Union was not aggrieved by the prevailing wage set in Wage Order No. 10 and did not challenge that wage in its action in Cole County. Rather, the Union challenged, among other things, the Commission’s refusal to debar Appellants from the public bidding process and its failure to rule on the effective dates of Wage Order No. 9. In their Franklin County action, Appellants challenged the legality of Wage Order No. 10 with the same arguments it makes on appeal. As such, the object and purpose of these two actions were different, and thus the Cole County Circuit Court was not a court of concurrent jurisdiction at the time the Franklin County petition was filed.
 

 Further, the Cole County Circuit Court expressly disavowed having jurisdiction over the issues presented by Appellants in Franklin County. On November 18, 2003, the Cole County Circuit Court entered an order resolving the parties’ jurisdictional dispute, finding that: “This Order does not preclude Intervenors [Appellants] from pursuing its [sic] stated petitions for review in Franklin County Circuit Court, Case Numbers 03CV330606 and 03CV330609. The Court makes no findings of fact or ■ law pertaining to those actions.”
 

 Based on the foregoing, the Division and the Union’s jurisdictional claims are denied.
 

 Appeal
 

 Appellants present three points on appeal. In their first point, Appellants assert that the Commission acted arbitrarily, capriciously, unreasonably, and outside its jurisdiction when it set the prevailing wage for asbestos workers in Boone County at $38.00 per hour because Missouri law mandates that it consider not only wage rates established by collective bargaining agreements, but also “the rates that are paid generally within the locality,” in that the Commission excluded hours performed by apprentices that were paid at the higher journeyman wage rate.
 

 Appellants note that the issue of whether apprentice hours should be considered in computing the prevailing wage was decided by this Court in Case No. ED84234, and that the apprentice issues in that appeal are virtually identical to those here. As such, there is nothing new to discuss in regards to this argument.
 

 Missouri law requires the Department of Labor and Industrial Relations to determine once each year the prevailing hourly rate of wages paid to each occupational title of work in each county in Missouri. Section 290.250;
 
 HTH
 
 Companies,
 
 Inc. v. Missouri Labor and Indus. Relations Comm’n,
 
 995 S.W.2d 503, 506 (Mo.App. W.D.1999). The “prevailing hourly rate of wages” is defined in Section 290.210(5) as “the wages paid generally, in the locality in which the public works is being performed, to
 
 workmen
 
 engaged in work of similar character including the basic hourly rate of pay” and any contributions made by the employer for other “fringe benefits.”
 
 *349
 

 HTH Companies, Inc.,
 
 995 S.W.2d at 506. (Emphasis added). In determining the prevailing rate, Section 290.262(1) requires that the department “shall ascertain and consider the applicable wage rates established by collective bargaining agreements, if any, and the rates that are paid generally within the locality....”
 
 Id.
 

 In the present case, Appellants state that the Commission excluded 2,178 hours reported at the $16.04 wage rate simply because the hours were worked by individuals the Commission labeled as “apprentices,” which should not be included in determining the prevailing rate for workmen. Appellants argue that the hours worked by apprentices should have been included and considered in determining the prevailing wage rate for
 
 workmen
 
 under the terms of the statute.
 

 We agree with the Commission.
 
 Workmen
 
 are defined in the statute as including “laborers, workmen and mechanics.” Section 290.210(8). The statute does not specifically define
 
 apprentice.
 
 Webster’s Dictionary 66 (2d ed.1997) defines an apprentice as: “a person who works for another in order to learn a trade” and “learner; novice.” An apprentice is also defined as “a person bound by an indenture to work for an employer for a specified period to learn a craft, trade, or profession” or “a learner in any field of employment or business.” Black’s Law Dictionary 97-98 (7th ed.1999). The Missouri Code of State Regulations sets forth the requirements for the payment of apprentice wages for workers employed on public works subject to the Prevailing Wage Law. 8 C.S.R. 30-3.030(2) provides that “Apprentices shall be permitted to work at less than the predetermined rate for the class or type of work they performed when they are employed pursuant to and individually registered in a bona fide apprenticeship program ...” and they are working with adequate supervision as defined in that program. Once an apprentice achieves full journeymen status, i.e., fully-trained and finished with his apprenticeship status, then he must be paid the full prevailing wage rate. 8 C.S.R. 30-3.030(1). We find that this distinction logically necessitates that apprentices’ wages, specifically lower than the prevailing wage rate of journeymen workers, should not be included in determining what the prevailing wage rate for journeymen workers should be.
 

 We also note that the information used by the Division in determining prevailing wages is submitted to the Division on a form called “Contractor’s Report of Construction Wage Rates, Form LS-04 (8-99) Al.” Instructions for completion of the form provide that the hours of work reported should not include hours worked by apprentices.
 

 We also determine that the portion of 8 C.S.R. 30-3.030 requiring payment of full prevailing wages to apprentices in certain instances is not inconsistent with exclusion of apprentice hours worked at that rate because the regulation is meant to curb abuses of apprentice status and has no bearing on the prevailing wage calculation.
 

 Finally, we agree wholeheartedly with the Union in noting that strong public policy exists for not including apprenticeship hours in the determination of the prevailing wage rates in order to protect the integrity of the quality of the work performed by workers on public projects. The public has an interest in having fully trained journeyman workers perform work on public projects to protect the infrastructure of our society. Point denied.
 

 In their second point, Appellants maintain that the Commission acted arbitrarily, capriciously, unreasonably, and outside its jurisdiction when it set the prevailing wage for asbestos workers in Boone County at $38.00 per hour because
 
 *350
 
 Missouri law mandates that it consider “the rates that are paid generally within the locality,” in that the Commission improperly excluded hours worked by an asbestos worker that the Commission found to be an illegal alien.
 

 In support of their point, Appellants argue that if the Legislature wanted to exclude hours worked by illegal aliens it would have specifically done so by adding them to the exclusionary clause set forth in Section 290.220. The Legislature chose not to do so, and for this reason alone, assert Appellants, the Commission erred in excluding the illegal alien’s hours.
 

 We disagree with this simplistic conclusion. We also find it is clearly against public policy to include hours worked by an individual illegally within the United States in determining the Prevailing Wage Law. Although it would seem that any further discussion on this point is absurd, we shall expand a bit upon our reasoning in coming to this conclusion.
 

 Federal law requires that at the time of hire, an employer must obtain documentation establishing the applicant’s identity and employment eligibility. See 8 C.F.R. Section 274a.2. The employer must physically examine the documentation presented, verify its genuineness under penalty of perjury, and complete two of the Employment Eligibility Verification Forms, known as Form I-9’s, within three business days of the date of hire.
 
 Id.
 
 A Form 1-9 must be retained by the employer for three years after the date of hire, or for one year after the employee’s employment ends, whichever is later.
 
 Id.
 

 In the instant case, both Thermaltech and HTH required the illegal alien employee to fill out 1-9 Forms, but the record indicates that they did not verify his social security number. The Union investigated his social security number and discovered that numerous other people were using the same number.
 

 We conclude that if an individual is not eligible for employment because he is an illegal alien, his hours are logically not eligible to be included in determining the Prevailing Wage. Such a determination by the Commission is not an act of rule-making, but rather a determination and logical interpretation of the existing law. Point denied.
 

 In their third point, Appellants claim that the Commission erred when it set the prevailing wage for asbestos workers in Boone County at $38.00 per hour because it engaged in improper rulemak-ing activity in violation of the Administrative Procedures Act in that its blanket refusal to consider hours worked by apprentices or supposed illegal aliens constituted statements of general applicability that implemented, interpreted, or prescribed law or policy and proper notice was not given.
 

 The central question in this point is whether the Commission, in determining prevailing wage rates for asbestos workers in Boone County, improperly based its decision on an interpretation of the statutes that should have been promulgated as a rule pursuant to the APA rulemaking requirements. We conclude that the Commission’s determination was not based on a rule. Therefore, no rulemaking procedures were required, and the Commission’s determination should be affirmed.
 

 Section 536.010(4) defines a rule as “each agency statement of general applicability that implements, interprets, or prescribes law or policy.” In other words, a rule is “[a]n agency statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts.”
 
 Missourians for Separation of Church and State v. Robertson,
 
 592 S.W.2d 825, 841 (Mo.App.1979). In contrast to a rule, an adjudication is
 
 *351
 
 “[a]n agency decision which acts on a specific set of accrued facts and concludes only them.”
 
 Id.
 
 An adjudication results from a “contested case,” which the APA defines as “a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing.” Section 536.010(2).
 

 The instant case involves an adjudication by the Commission. Like in
 
 Branson R-IV School Dist. v. Labor and Indus. Relations Com’n,
 
 888 S.W.2d 717, 721 (Mo.App. S.D.1994), “[t]he only ‘rules’ implicated in that adjudication are the statutory rules (i.e., the laws) by which the legislature defined the term ‘prevailing hourly rate of wages’ and directed how prevailing wage rates should be determined.” In this case, the Commission reached a decision in a contested case as to whether or not hours worked by apprentices and an illegal alien should be included in determining the prevailing wage rate, through a valid interpretation and application of relevant statutes.
 
 Id.
 
 at 724.
 

 We conclude that the Commission did not engage in improper rulemaking when it determined that apprentice hours and hours worked by an illegal alien should not be used in determining prevailing wages because the determination was made in a decision on a contested case and because it was based on a valid interpretation and application of the relevant statutes. Point denied.
 

 The judgment of the Circuit Court reversing the Commission’s decision is reversed. The decision of the Commission is affirmed.
 

 GARY M. GAERTNER, SR., P.J., and BOOKER T. SHAW, J., concur.
 

 [1]
 

 . All statutory references are to RSMo 2000, unless otherwise indicated.
 

 [2]
 

 . The occupational title at issue in this case is asbestos worker.
 

 [3]
 

 .The county at issue in this case is Boone County.