# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00184-CR

**Gary Eugene Franklin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. 933724, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

### O P I N I O N

Gary Franklin was placed on deferred adjudication supervision after he pleaded guilty to sexually assaulting a child. Franklin has now been adjudicated guilty and he seeks to appeal. The trial court has certified that this is a plea bargain case and Franklin has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2).

A defendant who plea bargains for deferred adjudication has a right to appeal, following a subsequent adjudication, issues unrelated to the conviction but no right to appeal issues related to the conviction. *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); *Vidaurri v. State*, 49 S.W.3d 711, 884-85 (Tex. Crim. App. 2001). The form promulgated by the court of criminal appeals to certify the defendant's right of appeal does not provide for this conditional right of appeal. *See* Tex. R. App. P. appendix (found at Tex. R. App. P. 25.2, notes and comments (West 2003)); *and see Kahookele v. State*, No.

03-04-00493-CR (Tex. App.—Austin May 12, 2005, no pet. h.); *Carroll v. State*, 119 S.W.3d 838, 840 (Tex. App.—San Antonio 2003, no pet.).

The trial court's certification that Franklin has no right of appeal is incorrect and therefore defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (inaccurate certification is defective). We abate the appeal for ten days and instruct the trial court to prepare and send to this Court an amended certification that accurately reflects Franklin's conditional right of appeal. Tex. R. App. P. 37.1; *see Dears*, 154 S.W.3d at 614. The certification should state that there was a plea bargain for deferred adjudication, but following an adjudication of guilt the defendant has the right of appeal as to issues unrelated to the conviction. *See Kahookele*, slip op. at 5-6.

The appeal is abated.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed: May 16, 2005

Publish