# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00449-CR
NO. 03-10-00450-CR

**Ex parte Tina Marie Mortland**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-05-580-C & CR-05-581-C
HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In 2006, appellant Tina Marie Mortland was placed on community supervision after she pleaded guilty to the offenses of fraudulently filing financing statements and retaliation. On June 25, 2010, in each of the above causes, Mortland filed an application for writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure in which she alleged, among other things, denial of her right to counsel. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Subsequently, in each cause, the district court denied the application. Mortland timely filed notices of appeal from the district court's orders.

The appellate rules require the trial court to certify the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). The denial of an application for a writ of habeas corpus arising from a community-supervision case is an appealable order. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8 ("If the [habeas corpus] application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure."); *see also Ex parte Villanueva*, 252 S.W.3d 391, 397

(Tex. Crim. App. 2008) (holding that "the appealability of an application for writ of habeas corpus filed under Article 11.072 following a disposition by the district court is controlled by Section 8 of Article 11.072").

In each cause, the district court has certified that this "is a plea-bargain case and the defendant has no right of appeal" and that "the defendant has waived the right of appeal." These certifications do not conform to the record before us. Although Mortland pleaded guilty in 2006 to the underlying offenses, there is no indication in the record that Mortland has waived her right of appeal from the 2010 orders denying habeas relief. Because the certifications do not accurately reflect Mortland's right of appeal in the habeas cases, they are defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (defining defective certification as one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate").

We are required "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Id.*; *see* Tex. R. App. P. 34.5(c), 37.1. Accordingly, we abate these appeals for ten days and instruct the district court to prepare and send to this Court an amended certification in each cause that accurately reflects Mortland's right of appeal. *See Franklin v. State*, 165 S.W.3d 807, 808 (Tex. App.—Austin 2005, no pet.). In each cause, a supplemental clerk's record containing the court's amended certification shall be forwarded to the clerk of this Court no later than February 7, 2011.

Before Justices Puryear, Pemberton and Rose

Abated

Filed: January 27, 2011

Do Not Publish